**Willie D. DAVIS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44620.**

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied May 3, 1972.

William F. Billings, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of robbery. Appellant plead guilty and applied for probation. The jury assessed punishment at ninety-nine years.

Appellant contends that "the trial court erred in overruling the objections to the testimony regarding the extraneous offense of robbery by firearms."

The record reflects that appellant and Stanley Lawrence Johnson committed a robbery at B & F Finance located in Dallas, on November 20, 1969. Appellant, testifying in his own behalf, stated that he went with Johnson to the loan company office where Johnson was to obtain a loan and that the first time he realized that Johnson intended to commit a crime was when Johnson pulled a pistol after the loan had been refused. When asked why he had aided Johnson instead of attempting to stop him, or instead of leaving, appellant answered:

"Because either way, if I got caught, I ran out and probably if I got caught, I'm still the victim to it."

The state called two rebuttal witnesses who testified, over appellant's objection, that appellant and Johnson had committed a robbery at a loan company about a month previous to the incident in question in the instant case.

■ When an accused voluntarily takes the stand in his own behalf, he may be contradicted, impeached, bolstered, or attacked just as any other witness, except where the law forbids certain matters to be used against him. e. g. Webber v. State, Tex.Cr.App., 472 S.W.2d 136; Santiago v. State, Tex.Cr.App., 444 S.W.2d 758.

■ While the general rule is that specific acts of misconduct by the accused which have not resulted in final convictions cannot be admitted, this court has been reluctant to exclude legally admissible evidence which is relevant to a fair determination of an accused's application for probation. Allaben v. State, Tex.Cr.App., 418 S.W.2d 517; Santiago v. State, supra. See also, Rendon v. State, 170 Tex.Cr.R. 548, 342 S.W.2d 317; Ward v. State, 160 Tex.Cr.R. 232, 268 S.W.2d 465.

■ In the instant case, appellant testified that, although he had aided Johnson in the commission of the robbery, he had done so only because he was a victim of circumstances and that he had accompanied Johnson unaware that a crime was to be committed. Under such circumstances, we perceive no error in the state attempting to discredit the defensive theory in mitigation of punishment and to impeach appellant by introducing evidence of the extraneous offense.

■ Appellant also complains that the state violated his constitutional rights by exercising its peremptory challenges to exclude Negroes from the jury. The record was not developed on this ground of error and nothing is presented for review. However, see Ridley v. State, Tex.Cr.App., 475 S.W.2d 769 (1972), for a discussion on this contention.

There being no reversible error, the judgment is affirmed.