Daniel Bruce McCREA, Appellant,

v.

The STATE of Texas, Appellee.

No. 45736.

Court of Criminal Appeals of Texas.

May 23, 1973.

Rehearing Denied June 13, 1973.

Gregory V. Gossett, San Angelo, for appellant.

Royal Hart, Dist. Atty., Aaron Goldberg, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for sale of marihuana wherein the punishment was assessed at five (5) years.

The sufficiency of the evidence is not challenged. Suffice it to say the State's evidence reflects a sale of marihuana by the appellant to an undercover agent on February 18, 1971. Appellant's defense was alibi which was rejected by the jury's verdict.

At the outset, this 19-year old appellant (who was 19 years old at the time of trial) urges that the trial court erred in overruling his motion to quash the indictment because young citizens "below the age of 29 years in particular were systematically excluded from the Grand Jury that returned the indictment herein."

At the hearing on the motion, it was shown that none of the grand jurors in question were below the age of 29 years, and that none of the Grand Jury Commissioners, which chose the grand jury panel, were below the age of 40 years. It was shown that the nine previous grand juries (from November 1966 to April 1971) that served the 119th District Court nor the Grand Jury Commissioners that selected the grand jury panels involved contained any person who was under the age of 29 years. Appellant also introduced the 1970 Federal Census Report reflecting the general population characteristics of Tom Green County, including a breakdown of age classification. From his own computations, he claims the figures show that 18 to 19% of the county's population was under the age of 29 years.

The State called as witnesses the Grand Jury Commissioners who selected the grand jury panel from which were chosen the grand jurors who returned the instant indictment. They all related that they did not take into consideration age as a factor in their attempt to find qualified grand jurors.

Relying upon Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970), which holds that testimony of Grand Jury Commissioners that they did not discriminate in their selection of grand jurors is insufficient to overcome a prima facie case, appellant contends that his tendered evidence established a prima facie case, and the trial court erred in overruling his motion to quash the indictment.

■ We do not agree that the evidence is sufficient to reflect an intentional and systematic exclusion of the age group claimed. The figures offered related only to nine grand juries in one district court in Tom Green County, which has two district courts, the 51st District Court and the 119th District Court, a fact that this court may judicially notice. No figures were offered relating to the composition of the grand juries in the other court. Further, the figures offered did not reflect the ages of those individuals who were members of various grand jury panels who were selected by the Grand Jury Commissioners but not subsequently chosen to serve on the grand jury. Further, no effort was made to show what percentage of the people in Tom Green County met the qualifications set by statute for service as a grand juror. See Article 19.08, Vernon's Ann.C.C.P., as amended, 1969. See also Article 19.23, Vernon's Ann.C.C.P.

The trial court did not abuse its discretion in overruling the motion to quash.

■ In two grounds of error, appellant contends the court erred in overruling his motion to quash the jury panel for the case since citizens under the age of 21 years were intentionally excluded in violation of Article 2094, Vernon's Ann.Civ.St., and Article 35.12, Vernon's Ann.C.C.P., as well

as the Fourteenth Amendment of the United States Constitution. Shelby v. State, 479 S.W.2d 31 (Tex.Cr.App.1972), has been decided adversely to appellant's contention and no further discussion is required.

Next, appellant, whose defense was alibi, complains of the court's action in refusing his pretrial application to take the deposition of the undercover narcotic agent to determine if the agent could identify him (the appellant).

■ The trial court has wide discretion in either granting or denying an application for deposition. See Article 39.02, Vernon's Ann.C.C.P.; Aguilar v. State, 468 S.W.2d 75 (Tex.Cr.App.1971); Beard v. State, 481 S.W.2d 875 (Tex.Cr.App. 1972). Further, this court has held that where the court declines to grant such application there must be a showing that the defendant was injured thereby. Beshears v. State, 461 S.W.2d 122 (Tex.Cr.App. 1970).

■ There has been no such showing in the case at bar. The trial court did not abuse its discretion in refusing to permit the taking of the deposition.

■ Lastly, appellant complains that the prosecutor, during the penalty stage of the trial, was erroneously permitted to question him about extraneous offenses.

Having filed a motion for probation, the appellant took the stand and testified in support of the motion that he had never been convicted of a felony, that he would abide by the conditions of probation, planned to live with his parents and work for his father.

On cross-examination, the following occurred (the re-cross examination is set out in its entirety):

"Q Mr. McCrea, are you addicted, do you have any drug addiction to any type of drug?

A No, sir.

Q Have you shot 'speed' in the past?

A Twice.

MR. GOSSETT (Defense Counsel): I would like to object at this time, and advise him if you are going to ask him—

MR. HART (District Attorney): I would like to know about his drug addiction, how serious it might be, what type he used.

COURT: If you have an objection to the question, make it and I will rule on it.

MR. GOSSETT: I want to object to any questions as far as the commission of any offenses that would violate his Fifth Amendment rights as far as incriminating.

COURT: Instead of just making an objection to what may come up in the future I would like for you to make the objection to the question as and when it is asked, if you please, sir. I don't know whether you object to the question or not.

MR. GOSSETT: Yes. (NOTE: Last question and answer read)

COURT: I will overrule that objection, it having been answered before the objection was made.

Q What is speed?

A I don't know. It is a chemical; what all is in the chemical, I don't know what chemicals are in it. It is a type of drug.

Q Is it the same drug as LSD?

A No, they are two different drugs.

Q Have you used LSD too?

A No, sir.

Q Where did you shoot speed when you shot speed?

MR. GOSSETT: May we have a continuing objection on that?

COURT: No, sir, no continuing objection.

MR. GOSSETT: I do want to object again to any questions he may have to answer that may tend to incriminate him.

COURT: Well, I will not give you a running objection.

Q When you shot speed where did you shoot it, in your arm or behind your knee?

A In my arm.

Q You have any needle marks now?

A No, sir.

Q When did you quit shooting speed?

A I tried it twice in the same week, and that was it.

Q Now, are you addicted to marihuana?

A No, sir.

Q What's been the extend (sic) of your use of marihuana?

MR. GOSSETT: Again I would like to interpose our objection, if I can have a continuing objection—I object to any question that may tend to incriminate him.

COURT: I will sustain the objection to that question.

Q Now you are on bond at the present time, is that true?

A Yes, sir.

Q And where do you live?

A 3113 Webster.

Q What type of work do you do?

A I have been laboring for my Dad.

Q How long have you been doing that?

A Since the Seventh grade and turned apprentice.

Q This year that is the only employment you had?

A Well, we bought a station, and I ran a filling station for a while.

Q When was that, this year?

A Yes, sir.

Q How much have you worked for your father this year?

A I couldn't tell you the exact amount of time. Counting the filling station?

Q Well, I would like to know how much you have been working this year?

A Well, I worked for Insulators besides my Dad and was a student at college. I worked for another masonry company out of Abilene. After they finished the masonry I worked for Insulators.

MR. HART: Pass the witness.
. . . ."

At the close of the penalty stage of the trial, the court charged the jury as to the statutory conditions that could be imposed if the jury recommended probation which included "avoid injurious or vicious habits" and "commit no offense against the laws of this state or any other state or the United States."

At the outset it should be noted that appellant never once objected to the interrogation on the grounds now urged on appeal before this court. The objections were on the basis of the Fifth Amendment; and the court had some difficulty in getting the counsel to clearly state his objection. Further, the questions concerning drug addiction and shooting "speed" were all asked and answered before any form of objection

was interposed. Other portions of the complained of testimony were elicited without objection. Still further, in Allaben v. State, 418 S.W.2d 517 (Tex.Cr.App. 1967), this court wrote:

"Evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b), Vernon's Ann.C.C.P. is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible." 418 S.W.2d at 519.

See also White v. State, 444 S.W.2d 921, 923 (concurring opinion) (Tex.Cr.App. 1969); Basaldua v. State, 481 S.W.2d 851 (Tex.Cr.App.1972); Brumfield v. State, 445 S.W.2d 732, 741 (Tex.Cr.App.1969); Santiago v. State, 444 S.W.2d 758 (Tex. Cr.App.1969).

And, Judge Odom, writing for this court in Davis v. State, 478 S.W.2d 958 (Tex. Cr.App.1972), said:

"While the general rule is that specific acts of misconduct by the accused which have not resulted in final convictions cannot be admitted, this court has been reluctant to exclude legally admissible evidence which is relevant to a fair determination of an accused's application for probation. . . ." (cases cited omitted). 478 S.W.2d at 959.

The issue of probation for this appellant who had been convicted as a seller of narcotics was squarely before the jury and I find nothing to indicate the prosecutor acted in bad faith. We are not simply dealing with improper impeachment under Article 38.29, Vernon's Ann.C.C.P., or testimony which was not proper under Article 37.07, Vernon's Ann.C.C.P. Other issues can become involved rendering relevant testimony admissible.

Appellant's contention is overruled. The judgment is affirmed.