Thomas Clinton **CLEVELAND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47068.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Rehearing Denied Dec. 19, 1973.

Don R. Wilson, Abilene, for appellant.

Ed Paynter, Dist. Atty., Glenn Heatherly, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for possession of marihuana. The punishment was assessed at nine (9) years.

The record reflects that appellant entered a plea of guilty before the jury and filed a motion for probation.

"It is well established that a plea of guilty to a felony charge before the jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed." Darden v. State, 430 S.W.2d 494, 495 (Tex.Cr.App.1968), and cases there cited. See also Reyna v. State, 434 S.W.2d 362 (Tex.Cr.App.1968); Renesto v. State, 452 S.W.2d 498 (Tex.Cr.App. 1970); Maldonado v. State, 467 S.W.2d 468 (Tex.Cr.App.1971); Weaver v. State, 476 S.W.2d 326 (Tex.Cr.App. 1972); 11 Tex.Digest, Criminal Law, Sec. 273.3.

Appellant does not challenge this proposition of law, but complains of two instances where he contends extraneous offenses were improperly admitted during his trial.

■ Abilene Police Officer John Perry testified that he arrested the appellant on April 2, 1972 and found three and a half pounds of marihuana in a typewriter case in his motor vehicle. After arresting the appellant, Perry related he went to appellant's home where forty-eight growing marihuana plants were found, as well as marihuana seeds, pipes containing partially burned marihuana particles, roach clips, etc. To the offer of these items into evidence there was no objection. The only objection was to the marihuana found in the lap of appellant's seventeen year old son after the officer entered the house. The objection was not that it reflected an extraneous offense as now urged, but that it was hearsay because the appellant was not present. After a hearing in the jury's absence, the court stated it would be admitted "as being found at the residence of the defendant for that purpose only." When the marihuana was introduced, the court instructed the jury it was being "admitted for the limited purpose of showing it was found at the residence of the Defendant and that's all."

In light of appellant's plea of guilty before the jury, the hearsay objection to something that was not hearsay and the large number of items relating to marihuana that were admitted without objection, we cannot conclude that the court committed reversible error. If error at all, it was harmless.

■ His second complaint as to extraneous offenses concerns the prosecutor being permitted to question him on cross-examination about a prior purchase of marihuana.

In support of his motion for probation the forty-three year old appellant testified he had never been convicted of a felony, had never been arrested though he "got a speeding ticket one time," had received an honorable discharge from the Air Force, and detailed his work record and family life. On cross-examination he admitted his guilt and testified he had purchased the marihuana found in his motor vehicle from a Joe Speer in Lubbock. The record then reflects:

"Q. All right. Had you been buying marijuana in the past from Joe Speer?

"MR. ROBINSON (defense counsel): Your Honor, we object to that.

That is inadmissible and highly prejudicial and an attempt of impeachment, and an improper attempt to impeachment."

The objection was overruled and appellant testified that on one previous occasion near Christmas of 1971 he had paid Speer $10.00 for some marihuana.

At the outset, it should be noted that appellant's objection of "an improper attempt to impeachment" can hardly be considered sufficient to apprise the trial court of the complaint he now raises on appeal. Further, this court held in Allaben v. State, 418 S.W.2d 517 (Tex.Cr.App.1967):

"Evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b), Vernon's Ann.C.C.P. is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible." 418 S.W.2d at 519. See White v. State, 444 S.W.2d 921, 923 (Tex.Cr.App.1969); Basaldua v. State, 481 S.W.2d 851 (Tex.Cr.App.1972); Brumfield v. State, 445 S.W.2d 732, 741 (Tex.Cr.App.1969); Santiago v. State, 444 S.W.2d 758 (Tex.Cr.App.1969).

And, in Davis v. State, 478 S.W.2d 958 (Tex.Cr.App.1972), this court wrote:

"While the general rule is that specific acts of misconduct by the accused which have not resulted in final convictions cannot be admitted, this court has been reluctant to exclude legally admissible evidence which is relevant to a fair determination of an accused's application for probation. . . ." (cases cited omitted) 478 S.W.2d at 959.

■ The issue of probation for this appellant, who had plead guilty to the possession of marihuana, was squarely before the jury. We are not here dealing with improper impeachment under Article 38.29, Vernon's Ann.C.C.P., or testimony which was not proper under Article 37.07, Vernon's Ann.C.C.P. Other issues can become involved rendering relevant testimony admissible. See McCrea v. State, 494 S.W.2d 821 (Tex.Cr.App.1973), where defendant was asked if he was addicted to any drug, addicted to marihuana or had shot speed in the past, and such was held not to be error.

■ In his last ground of error, appellant complains of the trial court's action in striking testimony regarding appellant's volunteer work in suicide prevention. At the hearing on punishment, appellant called Mrs. Chris Kyker, who testified that as an executive director of the Abilene Association of Mental Health, she was acquainted with appellant and his involvement in the Association's Suicide Prevention Program as a volunteer worker. No questions were asked regarding appellant's character or general reputation in the community as a peaceful and law-abiding citizen. Upon the State's motion, the court withdrew such testimony and instructed the jury not to consider the testimony of the witness.

We cannot conclude that the trial court's action in sustaining the State's motion constitutes such error as to call for reversal. Allaben v. State, supra. See also Miller v. State, 442 S.W.2d 340 (Tex.Cr.App.1969); Coleman v. State, 442 S.W.2d 338 (Tex.Cr.App.1969); Culvahouse v. State, 440 S.W.2d 637 (Tex.Cr.App.1969).

Finding no reversible error, the judgment is affirmed.