Mark Ira WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 51603.

Court of Criminal Appeals of Texas.

March 31, 1976.

Rehearing Denied April 28, 1976.

Jack Hill, Dallas, for appellant.

Tim C. Curry, Dist. Atty., and Marvin Collins, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant plead guilty before a jury and was convicted of possession of over four ounces of marihuana. Punishment was assessed at two years' confinement and a fine of five thousand dollars.

The record reflects that on September 7, 1974, while appellant was making a change of airplanes while in transit from Washington, D. C. to Tucson, Arizona, he was observed at American Airlines gate 12 of the airport in Tarrant County in a very intoxicated condition. He was staggering, unable to stand, eyes dilated, clothes shambled, incoherent, unresponsive to questions by medical personnel, and smelling strongly of alcohol. He was arrested for public intoxication and removed from the terminal in a wheel chair. A pat down of appellant when arrested revealed a wallet and $23,000 cash which fell from his boot. It revealed also (1) a marihuana cigarette, (2) an airline ticket in the name of "Mr. D. Perry," (3) a baggage claim check, and (4) a driver's license in the name of "D. Perry" but bearing appellant's picture.

A brown suitcase with the same claim number as the baggage check was secured and brought to the station. Appellant after consulting with his lawyer (who also represented him at the trial) executed a consent form authorizing the search of the suitcase. He opened the suitcase by operating the combination. Inside were found a semi-automatic fully loaded pistol, a spare loaded clip, $5,000 in cash and 15.98 ounces of marihuana.

At the trial appellant after being thoroughly admonished by the court entered a plea of guilty and filed his plea for probation. After hearing the evidence, the jury assessed punishment as stated above and denied his plea for probation.

In his first five grounds of error, appellant complains of the admission in evidence of (1) the finding of the $28,000 in cash, (2) the pistol, (3) the driver's license, (4) the airplane ticket, and (5) the baggage claim check, all of which articles were found on him or in his baggage. Appellant argues that since his plea of guilty before a jury admitted the existence of all facts necessary to establish guilt and the only issue before the jury related to punishment (see Art. 26.14, V.A.C.C.P.; *Cleveland v. State,* Tex.Cr.App., 502 S.W.2d 24), the objectionable evidence was not relevant to any issue in the case, was highly inflammatory and prejudicial, and was improperly admitted.

■ In *Cleveland v. State,* supra, in the trial in which the defendant had plead guilty before the jury of possession of marihuana and had asked for probation, we quoted with approval from *Allaben v. State,* Tex.Cr.App., 418 S.W.2d 517, and from *Davis v. State,* infra, as follows:

" 'Evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b), Vernon's Ann.C.C.P. is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible.' 418 S.W.2d at 519. See *White v. State,* 444 S.W.2d 921, 923 (Tex. Cr.App.1969); *Basaldua v. State,* 481 S.W.2d 851 (Tex.Cr.App.1972); *Brumfield v. State,* 445 S.W.2d 732, 741 (Tex.Cr.App. 1969); *Santiago v. State,* 444 S.W.2d 758 (Tex.Cr.App.1969).

"And, in *Davis v. State,* 478 S.W.2d 958 (Tex.Cr.App.1972), this court wrote:

" 'While the general rule is that specific acts of misconduct by the accused which have not resulted in final convictions cannot be admitted, this court has been reluctant to exclude legally admissible evidence which is relevant to a fair determination of an accused's application for probation . . . .' (cases cited omitted) 478 S.W.2d at 959."

With reference to the case then before this Court, we added:

"The issue of probation for this appellant, who had plead guilty to the possession of marihuana, was squarely before the jury. We are not here dealing with improper impeachment under Article 38.29, Vernon's Ann.C.C.P., or testimony which was not proper under Article 37.07, Vernon's Ann.C.C.P. Other issues can become involved rendering relevant testimony admissible. See *McCrea v. State,* 494 S.W.2d 821 (Tex.Cr.App.1973), where defendant was asked if he was addicted to any drug, addicted to marihuana or had shot speed in the past, and such was held not to be error."

And as we stated in *Dunlap v. State,* Tex.Cr.App., 462 S.W.2d 591:

"We hold that all the facts and circumstances surrounding the commission of the offense on the occasion in question are admissible before the jury on the question of guilt and may be considered in determining the punishment to be assessed. *Taylor v. State,* Tex.Cr.App., 420 S.W.2d 601. See 4 Branch's Ann.P.C.2d, Section 1962, p. 289. . . ."

See also *Holmes v. State,* Tex.Cr.App., 502 S.W.2d 728; *Gomez v. State,* Tex.Cr. App., 470 S.W.2d 871; *Feather v. State,* 169 Tex.Cr.R. 334, 333 S.W.2d 851; *Collier v. State,* 167 Tex.Cr.R. 534, 321 S.W.2d 584; *Hemmeline v. State,* 165 Tex.Cr.R. 583, 310 S.W.2d 97. See *Brazile v. State,* 497 S.W.2d 302.

■ This Court has consistently held that the State is entitled to prove the circumstances surrounding the arrest. See Article 38.22, V.A.C.C.P.; *Harryman v. State,* Tex. Cr.App., 522 S.W.2d 512; *Hernandez v. State,* Tex.Cr.App., 484 S.W.2d 754; *Jones v. State,* Tex.Cr.App., 471 S.W.2d 413. Whether the evidence is relevant to any issue in the case lies within the sound dis-

cretion of the trial court, and this Court will not reverse unless a clear abuse of that discretion is shown. *Hernandez v. State,* supra; *Lanham v. State,* Tex.Cr.App., 474 S.W.2d 197.

The articles in question were found in appellant's possession at the time of the commission of the offense and of the arrest. They were circumstances surrounding the offense and the arrest, and were relevant not only to guilt, but also to the issues of punishment and probation. No clear abuse of the trial court's discretion is shown.

The first five grounds of error are overruled.

In his sixth ground, appellant complains of the admission in evidence of the testimony of his condition at the time of his arrest. For the reasons stated above in disposing of the first five grounds, this contention is without merit and is overruled.

In his seventh and eighth grounds, appellant contends the State committed reversible error in arguing before the jury that it could consider the fact that appellant had several thousand dollars and a gun in his possession. The prosecutor was basing his argument on evidence in the record. No error is presented. *Frazier v. State,* Tex.Cr.App., 480 S.W.2d 375.

In his ninth ground, appellant contends reversible error occurred during the State's jury argument as follows:

"MR. STRICKLAND [State]: Very often in criminal cases a certain number of years in the penitentiary is assessed.

"MR. HILL [Defense]: Your Honor, we are going to object to other cases the District Attorney's office is handling.

"THE COURT: Objection overruled."

No mention was made as to any specific verdict in any other case. After the court overruled appellant's objection, the prosecutor dropped any reference to other cases. Error is not presented.

Appellant's tenth ground of error reads: "The trial court erred in its charge to the jury in so much as it failed to sustain the objection of the defendant to the charge and include the language requested by the defendant."

There is no discussion or argument in appellant's brief concerning this complaint, and error is not presented. Art. 40.09, Sec. 9, V.A.C.C.P.; *Brantley v. State,* Tex.Cr. App., 522 S.W.2d 519.

Furthermore, this trial occurred March 17, 1975, prior to the effective date of the amendment of Art. 36.14, V.A.C.C.P. permitting objections to the court's charge to be dictated to the court reporter in the presence and with the consent of the court. See Art. 36.14, V.A.C.C.P., as amended effective September 1, 1975. Appellant made no written objections to the court's charge, nor did he file any written requests for additional instructions. Nothing is presented for review. *Sutton v. State,* Tex.Cr. App., 519 S.W.2d 422, 425; *Sloan v. State,* Tex.Cr.App., 515 S.W.2d 913.

The judgment is affirmed.

Opinion approved by the Court.