Frederick Robert HELWIG, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–00897–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1983.

Rehearing Denied Dec. 1, 1983.

Michael Ramsey, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

## OPINION

BASS, Justice.

Appellant was charged with possession and delivery of marihuana. The case was tried on the delivery count, and the jury found the appellant guilty and assessed punishment at seven years confinement and a $5,000.00 fine.

The judgment is affirmed.

The appellant complains that the trial court erred in allowing the admission and repeated use of evidence of the extraneous offense of smuggling.

The appellant and his co-defendant, Padgett, had arranged to sell a large quantity of marihuana to Wolsch, an undercover Austin police officer. On March 12, 1981, the three men met in Houston to complete the sale and make the delivery. Padgett and Officer Wolsch met early in the evening; then Padgett left and returned later with the appellant. The three men then proceeded to where the delivery of the marihuana was to take place. While en route,

there were negotiations between the appellant and the officer concerning the possibility of future transactions and the appellant's ability as a supplier. During this conversation the appellant made various statements about his capabilities, which included the statement that over the past several weeks he had been "flying loads of marihuana out of Mexico into the States."

At trial, Officer Wolsch testified to this conversation out of the presence of the jury and appellant's counsel objected that the evidence constituted evidence of an inadmissable extraneous offense. The objection was overruled, and the statements were repeated to the jury. In addition to this testimony there was ample evidence introduced establishing the appellant's guilt, which included the testimony of the officers who participated in the arrest and the testimony of the Department of Public Safety's chemist who stated that the substance confiscated was marihuana. After the State rested, the appellant rested without testifying or calling any witnesses to testify in his behalf.

The Texas Court of Criminal Appeals in *Prior v. State,* 647 S.W.2d 956 (Tex.Cr.App. 1983), reiterated the general rule that an accused is entitled to be tried on the accusations made in the State's pleading and not for some collateral crime or for being a "criminal" generally. See *Young v. State,* 159 Tex.Cr.R. 164, 261 S.W.2d 836 (1953); *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr. App.1972).

■ Under this rule, independent evidence, wholly unconnected with an offense, would be inadmissable unless such testimony was necessary to prove a contested element of the crime charged. Elements which may be contested at trial and thus proven by extraneous evidence include motive, intent, identity, and malice. *Albrecht, supra.* However, another exception to the general rule discussed in *Albrecht, supra,* is that evidence of extraneous offenses is admissible to show the context in which the criminal act occurred, where such evidence is so inextricably tied to the commission of the offense that its introduction is reasonably necessary to allow the jury to realistically evaluate the evidence.

■ In the case at bar, the statements by the appellant were not independent evidence wholly unconnected with the offense in question, but were made in the course of the negotiations between the officer and appellant, to enhance the probability of future transactions. Therefore, we hold that the introduction of these statements, as operative facts occurring in the course of the offense, were reasonably necessary to show the context in which the criminal act occurred and thus were properly admitted at trial. *Albrecht, supra.*

The appellant's first ground of error is overruled.

The second question presented is whether the court erroneously admitted the statement as evidence of an alleged extraneous offense at the punishment phase of trial.

In *Allaben v. State,* 418 S.W.2d 517, 518 (Tex.Crim.App.1967) the Court spoke of the type of evidence that is admissible when an application for probation has been filed.

"Evidence to be offered at a hearing on punishment pursuant to the provisions of Art. 37.07(2)(b), is by no means limited to the defendant's prior criminal record, his general reputation, and his character. Evidence legally admissable to mitigate punishment or evidence *relevant to the application for probation,* if any, is also admissable." See, *Baxter v. State,* 645 S.W.2d 812 (Tex.Cr.App.1983); *Cleveland v. State,* 502 S.W.2d 24 (Tex.Cr.App. 1973); *White v. State,* 444 S.W.2d 921 (Tex.Cr.App.1969); *Brumfield v. State,* 445 S.W.2d 732 (Tex.Cr.App.1969). (emphasis added by writer).

Furthermore, the Court in *Davis v. State,* 478 S.W.2d 958 (Tex.Cr.App.1972) held that specific acts of misconduct by the accused which have not resulted in a final conviction may be admitted where such evidence is relevant to the accused's application for probation. *Baxter v. State,* 645 S.W.2d 812 (Tex.Cr.App.1983).

As in *Cleveland, supra,* the issue of probation was squarely before the jury. Appellant's counsel in argument tried to sway the jury toward probation by the statement that the appellant had seventeen years of good conduct on one side of the scale and one criminal act on the other. The prosecutor, in response to appellant's counsel's statements, reurged the specifics of the prior conversation between appellant and officer Wolsch and characterized appellant as "a guy that flies marihuana into this country" and a "smuggler". In view of the appellant's counsel's statement, the prosecution's reply was both relevant and invited.

We hold that the statement and any reasonable inferences therefrom were admissible at the punishment phase to show the appellant's fitness for probation.

Appellant's ground of error is overruled.

The judgment is affirmed.