Gary Lynn MURPHY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–00963–CR.

Court of Appeals of Texas,
Dallas.

Nov. 21, 1985.

Rehearing Denied Dec. 17, 1985.

Ruth Lown, Dallas, for appellant.

Michael A. Klein, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, ALLEN and DEVANY, JJ.

ALLEN, Justice.

Gary Lynn Murphy appeals his conviction for the murder of his wife. After finding appellant guilty, the jury assessed punishment at life and a $10,000 fine. In three grounds of error appellant contends that the trial court erred: (1) in excluding the testimony of a proposed defense witness regarding the victim's relationships with other men; (2) by admitting testimony at punishment on unadjudicated extraneous offenses; and (3) by failing to submit an instruction to the jury on the law of self-defense. We agree with appellant's second ground of error. We reverse the judgment of the trial court and remand the case for a new trial. Because the same issues may arise again on remand, we shall also address appellant's first and third grounds of error.

■ In his first ground, appellant submits that the trial court erred in excluding the proffered evidence of Paula Goldstein, who had, two years prior to the homicide, been the supervisor of the deceased at Schepps Dairy in Houston. We note initially that appellant has not preserved error on this ground. At trial, he urged admission of the testimony only as relevant evidence confirming prior testimony by appellant. On appeal, appellant contends that the evidence was admissible under Texas Penal Code § 19.06, as relevant to the previous relationship existing between the deceased and accused, to show the condition of the accused's mind at the time of the offense. TEX.PENAL CODE ANN. § 19.06 (Vernon 1974). Because the objection at trial did not comport with the complaint on appeal, appellant's first ground of error is not properly before us. *Van Byrd v. State*, 605 S.W.2d 265, 269 (Tex.Crim.App.1980).

■ Had appellant's first ground been perfected, we would find it without merit. The excluded testimony of Goldstein would have shown that the deceased flirted with men in general and a certain dairy route man in particular when she worked for Schepps, and that she was fired for that reason. There is no indication in the record that Goldstein had related this news to appellant. Appellant was previously aware that the deceased had had an affair. Goldstein could add only that she was flirtatious. Absent a showing that appellant knew at the time of the homicide what Goldstein had seen two years before, the testimony was properly excluded under section 19.06. *McClure v. State*, 575 S.W.2d 564, 567 (Tex.Crim.App.1979). We overrule appellant's first ground of error.

■ In his second ground, appellant complains of the introduction into evidence of extraneous offenses at the punishment phase of the trial. At punishment, appellant took the stand and testified to his eligibility for jury-recommended probation in compliance with article 42.12 § 3a of the Texas Code of Criminal Procedure; the appellant stated only that he had not previously been convicted of a felony or placed on felony probation. The State chose not to cross-examine appellant, but proceeded instead to call several witnesses to the stand who testified directly about several unadjudicated extraneous offenses allegedly committed by appellant shortly before and after January 22, 1984, the day he killed his wife. These witnesses testified that: (1) on September 15, 1983, appellant robbed a woman of her purse; (2) on September 22, 1983, appellant, who had been inhaling paint fumes, fled from police officers in a three-county chase; (3) on December 20, 1983, police arrested appellant for driving while intoxicated, due to appellant's inhalation of paint fumes; and (4) on January 27, 1984, appellant assaulted a woman by strangling her, and was subsequently arrested for public intoxication due, again, to his inhalation of paint fumes. The trial court admitted this evidence over proper objection on the basis that it was relevant to the accused's application for probation, which was before the jury. This is also the rationale upon which the State now defends

the trial court's ruling. We hold that the trial court committed reversible error by admitting the testimony as to unadjudicated extraneous offenses.

Either party may introduce evidence at the punishment phase of the trial of the reputation, character, and criminal record of the defendant. TEX.CODE CRIM. PROC.ANN. art. 37.07 (Vernon 1981). "Prior criminal record" is defined as a "final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." *Id.*

There is an older line of cases from the Court of Criminal Appeals that specifically holds that an application for a suspended sentence does not allow the State to introduce evidence of unadjudicated extraneous offenses at trial. This line begins with *Scarber v. State*, 156 Tex.Crim. 542, 244 S.W.2d 207 (1951), and was last cited in *Seay v. State*, 395 S.W.2d 40 (Tex.Crim. App.1965).

It is currently clear that, as a general rule, evidence of unadjudicated extraneous offenses is inadmissible under article 37.07. *Ramey v. State*, 575 S.W.2d 535, 537 (Tex. Crim.App.1978). We hold that the evidence of unadjudicated criminal offenses admitted over proper objection in the instant case is controlled by the general rule. *Elder v. State*, 677 S.W.2d 538, 539 (Tex.Crim. App.1984). The State urges that *Allaben v. State*, 418 S.W.2d 517 (Tex.Crim.App. 1967) is authority for allowing the court to admit evidence of unadjudicated extraneous offenses at the punishment phase of a trial where an application for probation is before the jury. A close examination of the *Allaben* case reveals that it in fact does not deal with the admission of an unadjudicated extraneous offense. Rather, *Allaben* held that the trial court should have allowed the *defendant*, a sex offender, to show that he had sought psychiatric treatment for his sexual problems in a case where an application for probation was before the jury, but that the court's refusal to allow the testimony was not reversible error. *Allaben*, 418 S.W.2d at 519. In that

context, the court's statement that "[e]vidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible" can hardly be considered a holding that evidence of an unadjudicated extraneous offense is admissible at the punishment phase whenever the defendant applies for probation.

The Court of Criminal Appeals has tolerated departure from the stated general rule only where the defendant has created a false impression before the jury. It has permitted reference to an extraneous offense or specific act of misconduct to come into evidence during cross-examination of the defendant by the State in an attempt to attack the defendant's credibility in order to prevent the defendant from creating a false impression with the jury by his testimony. *See McCrea v. State*, 494 S.W.2d 821 (Tex.Crim.App.1973); *Cleveland v. State*, 502 S.W.2d 24 (Tex.Crim.App.1973); *Holmes v. State*, 502 S.W.2d 728 (Tex.Crim. App.1973); and *Baxter v. State*, 645 S.W.2d 812 (Tex.Crim.App.1983). These cases are distinguishable from the present case. In the instant case, the State independently introduced the unadjudicated extraneous offense testimony over proper objection when no exception to the general rule existed. The evidence was neither offered by the State during cross-examination of the defendant nor had the defendant made any attempt to mislead the jury.

In *Davis v. State*, 478 S.W.2d 958 (Tex. Crim.App.1972), relied on by the State, the extraneous offense evidence did come in through independent testimony, but it came in as rebuttal to testimony from the defendant which tended to mislead the jury. In ruling on this point, the court stated that "[w]hile the general rule is that specific acts of misconduct by the accused which have not resulted in final convictions cannot be admitted, this court has been reluctant to exclude legally admissible evidence which is relevant to a fair determination of the accused's application for probation." *Davis*, 478 S.W.2d at 959. The context of the case makes it clear that the key phrase

in this passage is "fair determination," and the key word, "fair." It would not be fair to allow a defendant to mislead the jury about the merits of his application for probation. If the State must bring in extraneous offenses to dispel the false impression, then the necessity of a "fair" determination on the application for probation allows it to do so. But in the present case there is no contention that appellant had misled the jury and that the introduction of the extraneous offenses was necessary to dispel the false impression. *Davis* is thus also distinguishable.

We hold that article 37.07(3) of the Texas Code of Criminal Procedure controls the instant case. Article 37.07(3) provides in pertinent part:

Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

\* \* \* \* \* \*

(e) Nothing herein contained shall be construed as affecting the admissibility of extraneous offenses on the question of guilt or innocence.

TEX.CODE CRIM.PROC.ANN. art. 37.-07(3)(a) & (e) (Vernon 1981 and Supp.1985). The unadjudicated extraneous offense testimony admitted by the trial court was admitted in violation of article 37.07(3). We grant appellant's second ground of error and reverse the judgment of the trial court.

■ In his third ground appellant alleges the trial court erred in overruling his request for a jury instruction in the charge on the law of self-defense. We disagree.

Sections 9.31 and 9.32 of the Texas Penal Code set out the elements of self-defense and when deadly force may be used in self-defense. They state in pertinent part:

§ 9.31. Self-Defense

(a) Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

(b) the use of force against another is not justified:

\* \* \* \* \* \*

(4) if the actor provoked the other's use or attempted use of unlawful force, . . .

\* \* \* \* \* \*

(d) The use of deadly force is not justified under this subchapter except as provided in Sections 9.32, 9.33, and 9.34 of this code.

§ 9.32. Deadly Force in Defense of Person

A person is justified in using deadly force against another:

(1) if he would be justified in using force against the other under Section 9.31 of this code;

(2) if a reasonable person in the actor's situation would not have retreated; and

(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

(A) to protect himself against the other's use or attempted use of unlawful deadly force; . . .

TEX.PENAL CODE ANN. § 9.31 (Vernon 1974) & § 9.32 (Vernon Supp.1985). Appellant thus would have been justified in using deadly force against his wife if he had reasonably believed that deadly force was immediately necessary to protect himself against her use or attempted use of unlawful deadly force. *See* TEX.PENAL CODE ANN. § 9.32(3) (Vernon Supp.1985).

It is settled that if the evidence raised the issue of self-defense, appellant was entitled to a jury instruction on this issue.

*Semaire v. State*, 612 S.W.2d 528, 530 (Tex.Crim.App.1980); *Warren v. State*, 565 S.W.2d 931, 933–934 (Tex.Crim.App.1978).

Here, appellant voluntarily testified on his own behalf at trial. His testimony was the only evidence that arguably raised the issue of self-defense.

Appellant testified that, on the morning of the homicide, appellant and the deceased began a heated argument after the deceased told appellant that she intended to file for divorce. They argued about the divorce and about who would get custody of their child. Mrs. Murphy told appellant, "I'll kill you before you would get custody...." In response to this, appellant went into the kitchen and returned with a butcher knife.

Appellant then gave the knife to the deceased. The deceased "poked" at appellant with the knife, cutting appellant's left hand and wrist. Appellant eventually knocked the knife out of the deceased's hand and picked up the knife as ·the deceased grabbed his hair with both hands. At that point, appellant stabbed the deceased repeatedly.

There is no testimony that appellant's wife had any other weapon or that she tried, in any way, to get the knife back from him. The force she used, to which appellant responded by stabbing her, was pulling his hair. The perhaps-deadly force from her use of the knife disappeared when appellant knocked the knife out of her hands and began using it himself. Thus, the only question is whether appellant had a reasonable belief that her pulling his hair was a use or attempted use of deadly force against him.

Appellant did not testify that he was afraid, when she was pulling his hair, that she would kill him or cause him serious bodily injury. But even if he had so testified, it would not be reasonable for *anyone* to suppose that the deceased's pulling appellant's hair was a use or attempted use of deadly force.

We hold that there was no evidence that appellant had a "reasonable belief" that the use of deadly force against his wife at the time he stabbed her was immediately necessary to avoid imminent serious bodily injury or death. Accordingly, the testimony does not raise a jury issue on self-defense. *See Ogas v. State*, 655 S.W.2d 322, 322–25 (Tex.App.—Amarillo 1983, no pet.) (blow to the face with open or closed hand could not, in context of case, have constituted use or attempted use of deadly force, justifying a deadly response); *cf. Thompson v. State*, 521 S.W.2d 621, 624 (Tex. Crim.App.1974) (defensive issue raised where jury could *reasonably* have inferred defensive theory from evidence). Given the state of the evidence at this trial, appellant was not entitled to a charge on self-defense, and we overrule the third ground of error.

Reversed and remanded.