**Michael Ray DREW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0908–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 16, 1986.

Charles F. Baird, Michael B. Charlton, Houston, for Drew.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Alice Brown, Harris County Asst. Dist. Attys., Houston, for State.

Before SAM BASS, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a conviction for the offense of indecency with a child. The jury assessed punishment at 10 years confinement in the Texas Department of Corrections, probated, and a $10,000 fine.

Appellant was indicted for engaging in sexual contact with D.M. and C.M., both minors. Appellant was acquitted of the offense with D.M. and convicted of the offense with C.M.

In point of error one, appellant argues that the trial court erred by admitting at the punishment stage, over appellant's timely objection, evidence of an extraneous offense involving D.T.

At the punishment phase, the State called D.T. as its first witness. Appellant had not testified at trial, nor did he testify at the punishment phase. When the prosecutor asked D.T. if anything had ever happened to him in relation to appellant, appellant's attorney properly objected to the question as going into an extraneous offense that was not a final conviction. The objection was overruled, and D.T. testified that appellant had placed his hand in D.T.'s

pants during the previous year when D.T. and his parents were visiting appellant.

Appellant cites *Murphy v. State*, 700 S.W.2d 747 (Tex.App.—Dallas 1985, no pet.), as presenting the identical issue as the case at bar. The State in *Murphy* independently introduced the unadjudicated extraneous offense at the punishment stage, over proper objection. The *Murphy* court observed that, "[t]he Court of Criminal Appeals has tolerated departure from the stated general rule (that evidence of unadjudicated extraneous offenses is inadmissible under article 37.07) only where the defendant has created a false impression before the jury." 700 S.W.2d at 749. In *Murphy*, the defendant stated only that he had not been previously convicted of a felony or placed on felony probation. In the instant case, appellant did not testify, but his witnesses testified to this same fact. The *Murphy* court held that the trial court committed reversible error by admitting the testimony as to an unadjudicated extraneous offense. 700 S.W.2d at 749.

The cases relied on by the State are exceptions to the general rule and are not applicable to this case. In *Davis v. State*, 478 S.W.2d 958 (Tex.Crim.App.1972), the defendant pleaded guilty to robbery and applied for probation. He took the stand during the punishment phase and testified that although he had aided another person in the commission of the robbery, he had done so only because he was a victim of circumstances. Davis claimed that he was unaware that a crime was to be committed. Therefore, the State was allowed to discredit this defensive theory by introducing evidence that Davis and the other person had committed a similar robbery about a month prior to the robbery in question. The court stated that "[w]hile the general rule is that specific acts of misconduct by the accused which have not resulted in final convictions cannot be admitted, this court has been reluctant to exclude legally admissible evidence which is relevant to a fair determination of the accused's application for probation." 478 S.W.2d at 959. As the court in *Murphy* observed,

[t]he context of the case makes it clear that the key phrase in this passage is 'fair determination', and the key word 'fair'. It would not be fair to allow a defendant to mislead the jury about the merits of his application for probation. If the State must bring in extraneous offenses to dispel the false impression, then the necessity of a 'fair' determination on the application for a probation allows it to do so. But in the present case, there is no contention that appellant misled the jury and that the introduction of the extraneous offenses was necessary to dispel the false impression. 700 S.W.2d at 749–50.

Similarly in *Helwig v. State*, 661 S.W.2d 295 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd), Helwig's attorney argued to the jury that probation should be granted since "appellant had 17 years of good conduct on one side of the scale and one criminal act on the other." 661 S.W.2d at 297. In response, the prosecutor "reurged the specifics of the prior conversation between appellant and Officer Walsh and characterized appellant as a 'guy that flies marijuana into this country' and a 'smuggler.' In view of the appellant's counsel's statement, the prosecution's reply was both relevant and invited." 661 S.W.2d at 297. In this case, appellant's attorney did not invite any response from the prosecution.

Also, in *Baxter v. State*, 645 S.W.2d 812 (Tex.Crim.App.1983), the court repeated the "fair determination" standard from *Davis*, but affirmed because the trial court had sustained objections and instructed the jury to disregard certain evidence that, unlike that in the instant case, did not constitute proof of an extraneous offense. 645 S.W.2d at 815.

In *Cleveland v. State*, 502 S.W.2d 24 (Tex.Crim.App.1973), and *McCrea v. State*, 494 S.W.2d 821 (Tex.Crim.App.1973), the court quoted broad language from *Allaben v. State*, 418 S.W.2d 517 (Tex.Crim.App. 1967), for the proposition that extraneous offenses were admissible at the punishment stage. However, such language was dicta, because in both cases, the court had already held that the error was waived. *Cleveland*, 502 S.W.3d at 26; *McCrea*, 494 S.W.2d at 824–25. Furthermore, *Allaben* did not hold that extraneous offenses were admissible, nor did it concern any such issue. Indeed, *Allaben* held that it was error, although harmless, to exclude the defendant's evidence, offered at the punishment stage in support of his application for probation, that he was under psychiatric care. 418 S.W.2d at 519.

The State's authority is distinguishable from this case. *Murphy v. State* is on point, since appellant did not mislead the jury and create a false impression. Appellant fits within the general rule that evidence of an unadjudicated extraneous offenses is inadmissible. The trial court committed reversible error in admitting the testimony of D.T.

Appellant's first point of error is sustained.

Because we reverse appellant's conviction because of the erroneous admission of D.T.'s testimony, we need not decide if it was error to admit evidence of the offense against D.M., for which appellant was acquitted. However, in the event of retrial, we invite the trial court's attention to *Stuart v. State*, 561 S.W.2d 181 (Tex.Crim. App.1978). *Stuart* held that it was reversible error to admit evidence of an extraneous offense that had resulted in a verdict of acquittal.

Likewise, we need not decide whether it was error for the trial court to refuse to allow the impeachment of R.M. However, we invite the trial court's attention to *Harrison v. State*, 686 S.W.2d 220 (Tex.App.— Houston [1st Dist.] 1984, pet. ref'd). In *Harrison*, the defendant in a rape case tried unsuccessfully to impeach the victim's testimony that she had not asked a bartender for Mandrex one day before the offense. This Court discussed the policy reasons for limiting impeachment on collateral matters, and held that the evidence was improperly excluded.

Finally, we need not decide whether it was error for the trial court to refuse to

require the State to elect which of two acts of indecency testified to by C.M. was being relied upon for conviction. However, we invite the trial court's attention to *Crawford v. State*, 696 S.W.2d 903 (Tex.Crim. App.1985); *Crocker v. State*, 573 S.W.2d 190 (Tex.Crim.App.1978); and *Bates v. State*, 165 Tex.Cr.R. 140, 305 S.W.2d 366 (1957). These cases hold that when the State alleges one offense in a single-count indictment, and presents evidence of two or more separate acts, each sufficient to support a conviction under the indictment, the State, upon request, must elect the act upon which it is relying for a conviction.

We reverse the judgment and remand the cause for a new trial.