Opinion issued October 28, 2004








     









In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00704-CR




CALVIN HALEY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 923573




MEMORANDUM OPINION

          A jury convicted appellant, Calvin Haley, Jr., of murder and assessed
punishment at 99 years’ confinement. On appeal, appellant contends that (1) the
evidence was legally insufficient to support his conviction, (2) the evidence was
factually insufficient to support his conviction, and (3) the trial court erred in
admitting hearsay testimony.
          We affirm.
Facts
          At the time of the incident in question, appellant and complainant, Andrea
White, had been dating and living together for approximately six months. Their
relationship, however, had become turbulent and complainant sought to end it.           On the evening of September 8, 2002, while the couple was alone in their
bedroom, appellant shot complainant with a handgun, killing her.
Sufficiency of the Evidence
          In his first and second points of error, appellant contends the evidence was
legally and factually insufficient to convict him of murder. Specifically, appellant
asserts the evidence failed to establish that he intentionally or knowingly caused
complainant’s death. 
A.      Standards of Review
          Although appellant invites this Court to apply the standards of review for legal
and factual sufficiency challenges enunciated by the Texas Supreme Court, we must
decline. In criminal matters, this Court is compelled to construe standards of review
in light of the opinions of the Court of Criminal Appeals. We do so here.



          A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). The jury’s verdict must stand
unless it is found to be irrational or unsupported by more than a “mere modicum” of
evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988); see
Jackson v. Virginia, 443 U.S. 307, 320 (1979) (defining a “mere modicum” of
evidence as “any evidence tending to make the existence of an element slightly more
probable than it would be without the evidence”). 
          A factual sufficiency challenge requires us to ask “whether a neutral review of
all of the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury’s determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.” Johnson, 23 S.W.3d at 11. The factual sufficiency standard “acknowledges
that evidence of guilt can ‘preponderate’ in favor of conviction but still be
insufficient to prove the elements of the crime beyond a reasonable doubt.” Zuniga
v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004). 
          We must consider the most important evidence that the appellant claims
undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App.
2003). We should not substitute our own judgment for that of the fact finder. Jones
v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). The fact finder is entitled to
believe all, some, or none of any witness’s testimony. Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986).
          The standards of review for legal and factual sufficiency challenges are the
same for direct and circumstantial evidence cases. Id.
B.      Murder
          A person commits the offense of murder if, inter alia, that person (1)
intentionally or knowingly causes the death of an individual, or (2) intends to cause
serious bodily injury and commits an act clearly dangerous to human life that causes
the death of an individual. Tex. Pen. Code Ann. § 19.02(b) (Vernon 2003).
          A person acts intentionally, with respect to the nature or result of his conduct,
when it is his conscious objective or desire to engage in the conduct or cause the
result. Tex. Pen. Code Ann. § 6.03(a) (Vernon 2003). A person acts knowingly
with respect to the result of his conduct when he is aware that his conduct is
reasonably certain to cause the result. Id. § 6.03(b). Intent can be inferred from the
acts, words, and conduct of the accused. Patrick v. State, 906 S.W.2d 481, 487 (Tex.
Crim. App. 1995). Similarly, knowledge can be inferred from the conduct of and
remarks by the accused and from circumstances surrounding the acts engaged in by
the accused. See Dillon v. State, 574 S.W.2d 92, 94-95 (Tex. Crim. App. 1978).
C.      Legal Sufficiency of the Evidence 
          In his first point of error, appellant contends the evidence was legally
insufficient to support his conviction because it failed to show that he intentionally
or knowingly caused complainant’s death. 
          The use of a deadly weapon, itself, constitutes more than a “mere modicum”
of evidence of an intent to kill. See Moreno, 755 S.W.2d at 868-69 n.3; Dorsey v.
State, 117 S.W.3d 332, 344 (Tex. App.—Beaumont 2003, no pet.). A firearm is, per
se, a deadly weapon. Tex. Pen. Code Ann. § 1.07(a)(17)(A) (Vernon Supp. 2004-2005). Specific intent to kill may be inferred from the use of a deadly weapon, unless
it is reasonably apparent that serious bodily injury or death could not result from the
particular manner of use. Godsey v. State, 719 S.W.2d 578, 580-81 (Tex. Crim. App.
1986). Indeed, when a deadly weapon is used and death results, the inference is
almost conclusive that the user had an intent to kill. Flanagan v. State, 675 S.W.2d
734, 745 n.9 (Tex. Crim. App. 1982). 
          Appellant testified that he stood next to complainant while he attempted to
unload the clip, threaded his finger through the trigger of the gun, and discharged the
fatal shot to complainant’s head. He testified that he had unloaded the gun daily for
the past three months, but that this was not his routine manner. He further testified
that he was aware that there was a bullet in the chamber at the time and that he
disregarded a warning on the gun designed to indicate that it was cocked. Evidence
showed that this model of gun required a substantial amount of force to pull the
trigger. The gun had not misfired in the past


 and did not malfunction during testing
after the incident. Appellant’s use of a deadly weapon in a manner resulting in death
provides more than a mere modicum of evidence to support the finding that he did,
in fact, intend to cause complainant’s death.
          Moreover, evidence shows that, after shooting complainant, appellant waited
forty minutes before calling 911. Appellant’s neighbor heard a gunshot at 11:50 p.m.
coming from the direction of appellant’s apartment. According to 911 records,
appellant did not call 911 until 12:29 a.m. Emergency personnel arrived at the scene
at 12:40 a.m. The testimony show that, by the time they arrived, complainant’s blood
had already congealed, indicating that her wound had been suffered as long as thirty
minutes prior to their arrival. Failure to render aid known to be needed, or prolonging
the rendition of such aid, supports an inference that the injuries were intentionally
inflicted. Tezino v. State, 765 S.W.2d 482, 485 (Tex. App.—Houston [1st Dist.]
1988, pet. ref’d). 
          Further, appellant testified that, after the shooting, he wrapped the gun in sheets
and attempted to hide it. Concealment of pertinent evidence supports an inference of
guilt. Id. 
          Viewing the evidence in the light most favorable to the verdict, we hold that
a rational trier of fact could have found appellant intended to cause complainant’s
death beyond a reasonable doubt.
          We overrule appellant’s first point of error.
D.      Factual Sufficiency of the Evidence
          In his second point of error, appellant contends that the evidence was factually
insufficient to support his conviction because it was too weak to support the jury’s
finding that he intended to cause complainant’s death beyond a reasonable doubt. 
          At trial, the State presented evidence that appellant’s relationship with
complainant was troubled and that appellant threatened to kill complainant on several
occasions. The testimony showed that complainant intended to end her relationship
with appellant and had told him as much on more than one occasion. Further,
appellant and complainant were arguing on the date of the shooting.
          As discussed above, the State also presented evidence that appellant shot
complainant with a handgun, waited forty minutes to summon help, and attempted to
conceal the gun after the shooting. 
          Conversely, appellant contends his testimony so heavily outweighed the State’s
evidence as to warrant a reversal of his conviction. At trial, appellant testified that
he and complainant had a good relationship. He further testified that, although he
knew the gun was cocked and loaded just prior to the shooting, he inadvertently
pointed the gun at complainant and accidently fired it as he attempted to unload the
clip. The jury, as the sole trier of facts, was free to believe the State’s evidence and
disregard appellant’s testimony. Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim.
App. 2000). We will not second-guess the jury’s determination as to the credibility
of witness testimony. See Dorsey, 24 S.W.3d at 924. 
          Reviewing all of the evidence as a whole neutrally, we hold that the proof of
guilt introduced at trial was not so obviously weak as to undermine confidence in the
jury’s determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred.
          We overrule appellant’s second point of error.        
Hearsay
          In his third and fourth points of error, appellant contends the trial court erred
in allowing complainant’s sister, Yulanda Jones, to testify as to hearsay statements
made by complainant prior to the shooting. Specifically, in his third point of error,
appellant complains of the following exchange:
[State]:Just tell us what your sister said to the defendant.
 
[Jones]:She told him she don’t (sic) know why he’s tripping. She
told him to go ahead and leave and she don’t (sic) see why
he’s still out there. Just go ahead and leave. 

In his fourth point of error, appellant complains of the following exchange:
 
[State]:What did she tell you?
 
. . . .
 
[Jones]:She just told him she’s tired of arguing with him, and he
just need (sic) to basically leave her alone and go on about
his business.

          Whether evidence is admissible is a question for the trial court to resolve. 
Moyer v. State, 948 S.W.2d 525, 528 (Tex. App.—Fort Worth 1997, pet. ref’d). We
allow the trial court broad discretion concerning the admissibility of evidence and
will only reverse upon a showing of a clear abuse of discretion. Williams v. State,
535 S.W.2d 637, 639-40 (Tex. Crim. App. 1976); Spradlin v. State, 100 S.W.3d 372,
381 (Tex. App.—Houston [1st Dist.] 2002, no pet.). An abuse of discretion occurs
where a trial court’s decision lies outside the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). In determining
whether a trial court has abused its discretion, we consider whether the court acted
arbitrarily or unreasonably and without reference to guiding rules or principles. Id.
at 380.
          Hearsay is a statement, other than one made by the declarant while testifying
at trial, that is offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). 
Although hearsay statements are generally inadmissible, Tex. R. Evid. 802, there are
a number of exceptions to this general proscription. Tex. R. Evid. 803. One such
exception allows hearsay statements which portray the declarant’s state of mind. 
Tex. R. Evid. 803(3). Rule of Evidence 803(3) provides for the admissibility of the
following:
A statement of the declarant’s then existing state of mind, emotion,
sensation, or physical condition (such as intent, plan, motive, design,
mental feeling, pain, or bodily health), but not including a statement of
memory or belief to prove the fact remembered or believed unless it
relates to the execution, revocation, identification, or terms of
declarant’s will.

Id. Whether an out-of-court statement falls under an exception to the hearsay rule is
within the trial court’s discretion. Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim.
App. 1994).  
          In the instant case, appellant argues that the statements conveyed “little more
than [complainant’s] hostility and contempt” for appellant and served only to “place
[him] in a personally unfavorable light.” However, hearsay statements relating to the
declarant’s intent which are offered to prove future conduct are generally admissible
when that conduct is relevant to some aspect of the case. Vann v. State, 853 S.W.2d
243, 248-50 (Tex. App.—Corpus Christi 1993, pet. ref’d). The hearsay statements
of which appellant complains were statements concerning complainant’s intent to end
her relationship with appellant and were thus relevant in that they indicated
appellant’s motive for killing complainant.  
          We conclude that the complained-of hearsay statements to which Jones
testified indicated complainant’s state of mind at the time they were made (i.e., her
intentions of leaving appellant) and were, therefore, admissible under Rule of
Evidence 803(3). Accordingly, we hold that the trial court did not abuse its discretion
in admitting the testimony.
          We overrule appellant’s third and fourth points of error.
Conclusion
We affirm the judgment of the trial court.
 
 

                                                   Laura Carter Higley
                                                   Justice
 
Panel consists of Justices Higley, Nuchia, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).