James Carey RANKIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00830–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 13, 1994.

Opinion Dissenting from Denial
of Rehearing En Banc July
28, 1994.

E. J. Van Buren, Jr./R. Scott Shearer, Houston, for appellant.

John B. Holmes, Jr./Alan Curry/Kim Whittington, Harris, for appellee.

Before HUTSON–DUNN, DUGGAN and HEDGES, JJ.

**OPINION ON MOTION
FOR REHEARING**

HUTSON–DUNN, Justice.

Appellant has filed a motion for rehearing, which we grant. The opinion issued by this Court on October 28, 1993, is withdrawn, and the following opinion is issued in lieu of the earlier one.

Appellant, James Carey Rankin, was charged by indictment with one count of possession of a controlled substance weighing

less than 28 grams. After a jury trial, he was convicted and pled true to two enhancement counts. The jury assessed punishment at 25–years confinement.

On March 8, 1992, Officer William K. Malanson of the Harris County Sheriff's Department was dispatched to answer a family disturbance call. When Officer Malanson arrived at the apartment, he heard appellant and a woman arguing inside the apartment. Officer Malanson knocked on the door, identified himself, and requested they open the door. After several minutes, Officer Malanson was admitted to the apartment by appellant's wife.

When Officer Malanson entered the apartment, he noticed broken glass and a hole in one of the walls in the apartment. Appellant's wife appeared nervous and timid, and Officer Malanson noticed that she had a knot on her head. She stated that appellant had pushed her into the wall.

Officer Malanson testified that upon entering the apartment, he performed a pat down search for weapons on appellant. However, appellant and his wife testified that Officer Malanson performed a full search of appellant that included turning his pockets inside out.

During Officer Malanson's investigation, appellant told the officer that he had a crack cocaine problem. Appellant and his wife had apparently been arguing over the fact that he needed 30 dollars to pay for some crack cocaine that he had purchased.

Appellant was placed under arrest for assault. His hands were handcuffed behind his back, and he was placed in the back of Officer Simpson's patrol unit and transported to the police station. While Officer Simpson transported appellant to the police station, Officer Malanson remained at the apartment and interviewed appellant's wife. During the course of the conversation with appellant's wife, Officer Malanson formed the opinion that appellant may have been in possession of a controlled substance. Officer Malanson contacted Officer Simpson, who was still en route to the police station, and requested that Officer Simpson search appellant for crack cocaine.

As soon as Officer Simpson received this message by radio dispatch to his patrol car, appellant began squirming and kicking the back seat of Officer Simpson's patrol car. When Officer Simpson told appellant to sit still, appellant claimed that he was attempting to get in a more comfortable position.

A search of appellant at the police station revealed that he did not have a controlled substance on his person at that time. However, a search under the back seat of Officer Simpson's patrol car turned up a baggie that contained what appeared to be a rock of crack cocaine. The rock of crack cocaine was found on the same side of the back seat that appellant had been sitting on.

Officer Simpson testified that he searched his patrol car when he began his shift, and there was no crack cocaine in the vehicle at that time. Officer Simpson also testified that no one had been in the back seat of his patrol car on that day except appellant.

Appellant denied that the crack cocaine found in the back of the patrol unit was his. However, appellant admitted that on the morning of the incident he had purchased 30 dollars worth of crack cocaine, but testified that he had thrown it down the sink because he realized he had a cocaine problem. He testified that the argument with his wife concerned the 30 dollars that he owed for the crack that he had purchased.

Appellant's wife took the stand in support of her husband. She testified that she was standing right by appellant when he threw the crack cocaine down the sink.

■ In his first point of error, appellant contends that the trial court erred by overruling appellant's objection to the State's closing arguments during the guilt/innocence phase of the trial:

> (Prosecutor) Well, what if you choose not to believe the deputies? What if you choose to believe Mr. Rankin? That is okay, too. See, I don't have to prove the time of day this happened. I don't have to prove where they were when he possessed the coke. If you will read the charge, all I have to do is prove that on March 8th, 1992, James Carey Rankin, in Harris County, Texas, did intentionally and know-

ingly possess a controlled substance, namely cocaine, in an amount less than 28 grams by aggregate weight, including adulterants and dilutants.

(The Court) Two minutes.

(Prosecutor) Ladies and gentlemen, he testified that he got up 7:00 or 8:00 in the morning, went to the friend's house and bought it, smoked—bought 30 dollars' worth, smoked part of it brought the rest of it home, had a fight with his wife trying to beg $30 off of her. And then, well, the story is on their side that they threw it down. He testified that all of this happened on March 8th, 1992. He admitted that he had the crack on that day. He admitted all of the elements.

(Appellant's Counsel) Objection, Your Honor. That is a misstatement of the law. The allegation of the possession would have to be as of the time the officer set forth in the offense report, not a previous possession; and that is not the subject of the indictment.

(The Court) That is overruled.

(Prosecutor) The offense report is not evidence, the offense report is there for the officer to refresh his memory. I don't have to prove when. Like I said, all of [sic] have to prove is the element you see in the jury charge.

That charge is the law for you to follow. Do you believe that on March 8th, 1992, Mr. Rankin possessed crack cocaine, or cocaine? He admitted to that. He told you yesterday on the stand that he did.

So, the bottom line, if you believe the deputy, Deputy Malanson and Deputy Simpson, that just a pat down search was done there at the apartment, following procedure, that the full search was going to be done there at the station, that the seat was searched that morning, that after Mr. Rankin had ridden in the car, that he was the only person that had been in the car that day, as Deputy Simpson testified, that is correct. Deputy Simpson found that rock in the seat after he was in the car and taken in. If you believe all of that, you find the defendant guilty. If you don't believe that and you believe Mr. Rankin, that, hey, you know, he smoked the crack or, hey, he had already thrown it down the sink as he testified yesterday—

(The Court) Time is up.

(Prosecutor) —then again you find the defendant guilty. It's that simple.

(Appellant's Counsel) Your Honor, once again I am going to object for the improper jury argument, for the record.

(The Court) Very well. That is overruled. Mr. Bailiff, take them out, please.

Appellant contends that this argument by the State was improper because it misstates the law. Appellant further contends that the State's argument contributed to his conviction, and the conviction should be reversed according to Tex.R.App.P. 81(b)(2).

▮ Proper jury argument falls into four categories: 1) a summation of the evidence; 2) reasonable deductions drawn from the evidence; 3) a response to the arguments of opposing counsel; or 4) a plea for law enforcement. *Harris v. State*, 827 S.W.2d 949, 963, *cert. denied*, —— U.S. ——, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). A misstatement of the law by a prosecutor constitutes improper jury argument. *Ex parte Drinkert*, 821 S.W.2d 953, 957 (Tex.Crim. App.1991); *Branson v. State*, 825 S.W.2d 162, 167 (Tex.App.—Dallas 1992, no pet.).

The issue this Court must decide is whether the State did, in fact, misstate the law during closing arguments. More specifically, we must decide whether the jury could properly convict appellant, under the indictment by which he was charged, based solely upon appellant's admission to possession of cocaine earlier in the day.

▮ Appellant was charged by a one count indictment that contained very general allegations. The State could have proved up any number of separate acts that would have fulfilled the elements of the indictment. However, the State introduced evidence to show that appellant possessed only the cocaine found in the rear of the patrol car. Had the State presented evidence of more than one act, each sufficient to support a conviction, it would have been required, upon request, to elect the act upon which it was relying for a conviction. *Crawford v. State*,

696 S.W.2d 903, 906 (Tex.Crim.App.1985); *Drew v. State*, 719 S.W.2d 388, 391 (Tex. App.—Houston [1st Dist.] 1986), *aff'd*, 777 S.W.2d 74 (Tex.Crim.App.1989). Such an election, if required and requested, must be made before the close of the State's case-in-chief. *Crosslin v. State*, 90 Tex.Crim. 467, 235 S.W. 905, 906 (App.1921); *O'Neal v. State*, 746 S.W.2d 769, 772 (Tex.Crim.App. 1988).

However, in this case no motion for election was required because the State introduced evidence of only one act of possession, i.e., the cocaine found in the rear of the patrol car. When appellant took the stand and admitted possessing cocaine earlier in the morning, an act that would also fit within the terms of the indictment, he was admitting that he committed an extraneous offense; he was not admitting that he committed the offense charged and proved up by the State. Appellant may not be convicted for committing an extraneous offense. Therefore, we hold that it was improper for the State to argue that appellant could be convicted solely on the basis of his admission that he possessed cocaine earlier in the morning, which he later flushed down the sink.

■ Having decided that the closing argument made by the State was error, we must now decide whether defendant was harmed by such error. We are required to reverse the judgment, unless the error made no contribution to appellant's conviction. Tex. R.App.P. 81(b)(2).

In support of his contention that the State's argument contributed to his conviction, appellant points out that during deliberation, the jury sent out a note which stated, "Is our decision based on his possession (sic) of the cocaine from the patrol car or just that he possessed cocaine sometime that day?" The trial judge responded by referring the jury to the court's charge. The charge merely set out the elements of the offense.

In light of the jury's question during deliberations about the proper application of the law, we cannot conclude that the misstatement of the law by the State during closing argument had no effect on the jurors' decision to convict.

Appellant's first point of error is sustained.

Because we have sustained appellant's first point of error, we need not address his second point of error.

The judgment of the trial court is reversed, and the case is remanded.

DUGGAN, Justice, dissenting.

I dissent from the en banc majority's refusal to grant the State's motion for rehearing. I would grant the motion to rehear en banc, withdraw our panel opinion issued upon appellant's motion for rehearing, and affirm the trial court's judgment. The original panel, of which I was part, erred in the analysis in our opinion on appellant's motion for rehearing, in which we reversed appellant's conviction.

The panel opinion on appellant's motion for rehearing correctly acknowledges that appellant was not required to demand that the State make an election because "the State introduced evidence of only one act of possession, i.e., the cocaine found in the rear of the patrol car." Election was not involved. When the State rested its case-in-chief, appellant was not without notice of what act he was called upon to defend. During the presentation of the defense's case, appellant placed before the jury by his judicial confession the fact of a separate act of possession of cocaine, one that met all the elements of the indictment. The basis for requiring a State's election was simply not present; the State presented only one of the two fact scenarios shown.

The panel opinion on rehearing then proceeds to state—erroneously, I believe—that "[w]hen appellant took the stand and admitted possessing cocaine earlier [on the same day], an act that would also fit within the terms of the indictment, *he was admitting* that he committed *an extraneous offense; he was not admitting* that he committed *the offense charged and proved up by the State.*" (Emphasis added.) The quoted and italicized words point up the majority's two errors: (1) rejecting the offense proved by appellant's judicial confession by labelling it as "extraneous," contrary to the well established defini-

**18**

tion of that term; and (2) assuming that only State's evidence is allowed to prove an indictment.

**The "extraneous" offense**

Appellant argues in his brief that his judicial confession was to "a prior uncharged possession," or "an uncharged collateral offense." The panel opinion's characterization of the defense-proved possession as an "extraneous offense" erroneously accepts that argument.

Appellant's judicial confession to possession of cocaine was not an extraneous offense, as the term is interpreted. This Court has previously recognized the accepted definition of an "extraneous offense" as "any act of misconduct, whether resulting in prosecution or not, that is *not shown in the charging papers.*" *McDonald v. State,* 692 S.W.2d 169, 173 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd) (emphasis added); *Gomez v. State,* 626 S.W.2d 113, 114 (Tex.App.—Corpus Christi 1981, pet. ref'd); *Shugart v. State,* 796 S.W.2d 288, 294 (Tex.App.—Beaumont 1990, pet. ref'd). Clearly, the act of possession of cocaine to which appellant judicially confessed is described precisely in the indictment; is therefore "shown in the charging papers;" and is consequently not an extraneous offense.

**What evidence suffices to prove an indictment's allegations?**

The panel opinion's second erroneous basis for striking down appellant's judicial confession as improper proof under the indictment is that the judicial confession was not "proved up by the State," but by the defense. I know of no limitation on sufficiency of evidence that restricts proof of the elements of an indictment to one side or the other. Jurors are routinely instructed that they are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given to the evidence. They are not instructed that proof of any element must come from one party or the other.

Further, it is well settled that sufficiency of the evidence is measured by the charge that was given the jury. *Boozer v. State,* 717 S.W.2d 608, 610 (Tex.Crim.App.1984); *Ortega v. State,* 668 S.W.2d 701, 703 (Tex.Crim.

App.1983); *Benson v. State,* 661 S.W.2d 708, 714–15 (Tex.Crim.App.1982). Whether the jury chose to believe the State's testimony or the defendant's judicial confession, either version constituted evidence that met every element of the offense set out in the indictment and the charge.

I would hold that the prosecutor did not err in closing argument by inviting the jury to consider both the State's *and* the defendant's versions of the evidence, and to convict under either.

I would grant the State's motion for en banc hearing, set aside the panel's opinion on rehearing, and affirm the trial court's judgment.

MIRABAL, WILSON, and HEDGES, JJ., join in the dissent.