**Robert LEE, Appellant,**

v.

**The STATE of Texas, Appellee,**

**NO. 14–97–00229–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 4, 1998.

---

Charles Hinton, Houston, for appellant.

Carmen Castillo Mitchell, Houston, for appellee.

Before MURPHY, C.J., and HUDSON and HILL,[1] JJ.

## OPINION

JOHN Hill, Justice (Assigned).

Robert Lee appeals his conviction by a jury of the offense of aggravated assault. The jury, finding an enhancement paragraph to be true, assessed his punishment at forty years in the Texas Department of Criminal Justice, Institutional Division. In a single point of error Lee contends the trial court erred in overruling his objection to the prosecutor's misstatement of the law during the guilt-innocence phase of his trial.

We affirm. We find beyond a reasonable doubt that the prosecutor's misstatement of the law concerning the burden of proof required for the jury to consider the lesser-included offense of assault did not contribute to Lee's conviction on punishment for the offense of aggravated assault. We, therefore, conclude the misstatement did not affect Lee's substantial rights.

Lee's girlfriend, Barbara Thomas, was sitting in a grocery basket in an alleyway talking with another man when Lee approached. He flipped the basket over, caused Thomas to fall to the ground, and then stomped on her head. Thomas did not move and her head began to swell. Lee picked her up, slammed her to the ground, and walked away. Despite Lee's statement to the police that he did not intend to cause Thomas serious bodily injury, she suffered severe head injuries from his assault.

The court instructed the jury that if they had a reasonable doubt as to Lee's guilt of the offense of aggravated assault, they were to consider whether he was guilty of the lesser included offense of assault. The prosecutor argued to the jury that, "What that means, in order for you 12 to find him guilty of assault, you all 12 have to unanimously agree beyond a reasonable doubt that he's not guilty of aggravated assault before you even get to the lesser included offense." Lee objected, contending that the argument placed the burden of proof on the defendant.

We find the trial court erred in overruling Lee's objection. Contrary to the court's instruction, the prosecutor's argument did, in fact, improperly place the burden of proof on the defendant to successfully mount a defense on the aggravated assault charge before the jury could consider the lesser-included offense of assault. A review of the record reveals that the prosecutor's misstatement of law was never corrected. The trial court put the stamp of approval on the prosecutor's misstatement of law when it overruled the defense objection. *Burke v. State*, 652 S.W.2d 788, 790 (Tex.Crim.App. 1983).

We must, however, disregard the error unless it affects Lee's substantial rights. *See* TEX.R.APP. P. 44.1(b). The trial court gave the jury written instructions that it could find Lee guilty of aggravated assault if it found certain facts to be true beyond a reasonable doubt. The court further instructed the jury that, if it had a reasonable doubt as to the facts establishing aggravated assault, it was to acquit the defendant of that charge and then consider the lesser-included offense of assault.

---

1. The Honorable John Hill sitting by assignment.

Defense counsel argued that the State had to prove its case beyond a reasonable doubt. The State did not object to the defendant's arguments and the prosecutor never suggested that the jury could convict Lee of any offense upon a showing of less than beyond a reasonable doubt. Nor did the prosecutor suggest to the jury that they must convict Lee of aggravated assault unless he proved his innocence beyond a reasonable doubt. In fact, later in her argument, the prosecutor said, "[W]e're going to talk about in a moment why I believe I proved beyond a reasonable doubt that the defendant is guilty of the offense of aggravated assault." Toward the end of the argument, she stated, "This defendant committed aggravated assault on April 18, 1996. The State has proved it to you beyond a reasonable doubt." After the trial court overruled Lee's objection to the prosecutor's erroneous statement, she revised her statement, and took out the erroneous part when she told the jury that, "You all have to unanimously agree that he's not guilty of aggravated assault before you can even consider the lesser included offense of assault."

■ Considering the evidence in the case and the entire record in light of the criteria set forth in *Harris v. State*, we find beyond a reasonable doubt that the trial court's error in overruling Lee's objection to the prosecutor's misstatement of the law did not contribute to his conviction or to his punishment. *See* 790 S.W.2d 568, 585–87 (Tex.Crim.App. 1989). The issue before us, however, is whether the error affected Lee's substantial rights. Because we have held that beyond a reasonable doubt, the trial court's error did not contribute either to Lee's conviction or to his punishment, we also find that the error did not affect his substantial rights.

In presenting his argument, Lee relies upon the cases of *Ex parte Drinkert*, 821 S.W.2d 953, 957 (Tex.Crim.App.1991); *Davis v. State*, 506 S.W.2d 909, 911 (Tex.Crim.App. 1974.); *Burke v. State*, 652 S.W.2d 788, 790 (Tex.Crim.App.1983); *Whiting v. State*, 797 S.W.2d 45, 48 (Tex.Crim.App.1990); and *Rankin v. State*, 881 S.W.2d 14. (Tex.App.— Houston [1st Dist.] 1994). We find all of these cases distinguishable.

In *Drinkert*, a murder case, the Court found the defendant received ineffective assistance of counsel because his lawyer failed to object to the prosecutor's incorrect statement of law with respect to the defendant's right to use deadly force. *See Drinkert*, 821 S.W.2d at 957. Because defense counsel failed to object to an indictment and charge that contained invalid felony murder theories, the Court found its confidence in the outcome of the trial to be undermined. *See id.* Lee, on the other hand, had no defense that was misrepresented by the State. His only contention was that he did not intend to cause serious injury. With respect to the offense of aggravated assault, the offense for which Lee stands convicted, the prosecutor did not misrepresent the State's burden.

In *Davis*, the State misrepresented the law concerning the defense of accident. The Court of Criminal Appeals, however, failed to conduct a harm analysis. *See Davis*, 506 S.W.2d at 911. We find this case to be unhelpful.

In *Burke*, the prosecutor misrepresented the law with respect to self defense. The Court held that, under the circumstances, the remark was not only erroneous, but was so manifestly improper as to require reversal of the judgment. *See Burke*, 652 S.W.2d at 791. The Texas Rules of Appellate Procedure and the harmless error analysis contained therein were not in effect at that time.

Again, in *Whiting*, the prosecutor misrepresented the law of self defense. The Court held that, in this case, such a mistake was error and remanded the case to the court of appeals for a harm analysis in accordance with the Texas Rules of Appellate Procedure. *See Whiting*, 797 S.W.2d at 49.

In *Rankin*, the Court found the prosecutor misrepresented the law concerning what evidence the jury could consider to convict a defendant of possession of a controlled substance. *See Rankin*, 881 S.W.2d at 17. A note from the jury demonstrated that the jury panel was considering the prosecutor's erroneous theory. Accordingly, the Court was unable to conclude that the error did not contribute to the defendant's conviction. In this case, however, the prosecutor made no

misrepresentation concerning the offense for which Lee was convicted, nor any defense to it.

We overrule Lee's sole point of error and affirm the judgment.