IN THE
TENTH COURT OF APPEALS
 

No. 10-00-090-CR
No. 10-00-091-CR

     LAWRENCE GENE QUINTON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court Nos. 1999-79-C and 1999-80-C
                                                                                                                

DISSENTING AND CONCURRING OPINION
                                                                                                                

      The majority has decided the evidence is factually insufficient to find that Quinton committed
the following:
      1. Indecency with a child by touching K.W.’s anus (Count 2 paragraph 1); and
      2. Aggravated sexual assault of K.W. by penetrating her anus (Count 3).
I do not agree.
Offenses Against K.W.
      With regard to these two offenses against K.W., I find the evidence factually sufficient. It
is important to note regarding the indecency with a minor offense that it does not specify with what
Quinton touched K.W.’s anus. Thus touching her anus with either his finger or his penis is
sufficient.
      The primary evidence not considered or discussed by the majority regarding the offenses
against K.W. came from N.Q. who was an eyewitness to one of the incidents. N.Q. testified as
follows:
      Q:  And what happened then?
      A:  He came in, and he told K...[W] to be quiet, and he put his penis in her anus.
      Q:  Her anus?
      A:  Yes.
      Q:  Where is the anus in relationship to the vagina?
      A:  It’s in your bottom.
      Q:  It’s in your bottom too. Is it part of your bottom as well? Is that what you are talking
about?
 
      A:  Yes.
      Q:  How do you know that he put it in her anus? What did you see? Did you see him do
that?
 
      A:  Yes.
      Q:  Did you see his penis that day?
      A:  No.
      Q:  Did you see her bottom?
      A:  Yes. Her clothes were down.
      Q:  Her clothes were down.
      A:  Yes.
      Q:  How do you know that he had his penis inside of her if you didn’t see it?
      A:  Because his pants unzipped.
      Q:  Okay. And how was she positioned?
      A:  In the dog style.
      Q:  When you say dog style, what do you mean?
      A:  Like she was on her knees on the floor.
      This incident was also described by K.W. She testified that during this incident Quinton was
feeling on her “behind” and that she remembered him “feeling on her butt.” She was five years
old at the time of this incident.
      In describing the other incident, K.W. gave the following testimony:
      Q:  What happened then, K...[W]?
      A:  He was trying to put it in my behind.
      Q:  Put what in your behind?
      A:  It felt like his private.
      Q:  Felt like his private?
      A:  Yes.
      Q:  What made you think it was his private?
      A:  Because it was hard.
      Q:  Hard? Is that the similar feeling you had had when he put it in your vagina?
      A:  Yes.
      Q : How did he get it up to your butt? Did you have your clothes on?
      A:  I had a shirt on and some panties.
      Q:  Where were your panties?
      A:  That was still on. He pulled them over to the side like he always do.
      Q:  Could you actually feel his private on that area where you go to the bathroom out of in
back?
 
      A:  No, because he was trying to put it in there. He asked me if it was in there, and I say yes
because I didn’t want him in my bottom.
 
      Q:  He asked you if it was in there?
      A:  Yes.
      Q:  Could you feel it on your skin back there?
      A:  Yes.
      I can understand a child’s reluctance to be fully descriptive of the terrible sexual acts that have
been done to her. Further, the courts have not required children of tender years to explain what
has been done to them using precise medical terms. See Villalon v. State, 971 S.W.2d 130, 134
(Tex. Crim. App. 1990); Wallace v. State, No. 08-00-066-CR, 2001 Tex. App. Lexis 3364, at
*9 (Tex. App.—El Paso May 24, 2001, no pet. h.). What is required is that sufficient evidence
be introduced so that a reasonable jury can determine beyond a reasonable doubt that the crime
identified in the indictment and jury charge has been committed. 
      When this evidence is combined with the medical testimony of the tear in K.W.’s anus, a
reasonable jury could have determined beyond a reasonable doubt that K.W.’s anus was
penetrated. Specifically, I would hold that, while not required, medical testimony that the anal
opening has been extended to the point that it was torn is legally and factually sufficient to
establish penetration, even if the object used was not thrust any further into the rectum. This is
analogous to cases involving vaginal penetration where evidence of the slightest penetration is
sufficient. See Luna v. State, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974). The Court of
Criminal Appeals has held:
[M]ere contact with the outside of an object does not amount to penetration of it. But
pushing aside and reaching beneath a natural fold of skin into an area of the body not
usually exposed to view, even in nakedness, is a significant intrusion beyond mere
external contact. Consequently, it is not ungrammatical to describe Appellant’s touching
of complainant in this case as a penetration, . . .

Vernon v. State, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). If the anal opening was expanded
to the point of tearing, as the jury could have certainly concluded based upon the evidence, the
evidence is factually sufficient to support penetration of the anus.
      All the pertinent evidence on these counts has not been recited above, but it is evidence that
supports the jury’s verdict on these counts. But the majority has failed to explain in their opinion
why this evidence, when viewed with all the other evidence, is factually insufficient. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim.
App. 1996).
Conclusion
      I would hold that when weighing all the evidence, including the evidence described herein,
the evidence is factually sufficient to support the charges of aggravated sexual assault of K.W.
(Count 3) and indecency with a child (Count 2 paragraph 1). I would affirm the judgment on all
counts. Because the majority does not, I respectfully dissent from the reversal on these two
counts. I concur in the result on the remainder of the judgment.
 
                                                                         TOM GRAY
                                                                         Justice
Dissenting and concurring opinion delivered and filed August 15, 2001
Publish