Gregg Potter v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-348-CR

     GREGG POTTER,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # F33286
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      “The Rule” was not violated. As noted by the majority the event occurred before testimony
began. Further, based on Hoover’s testimony at the hearing, the discussion only involved
procedural events that occurred in the courtroom.
      The Rule provides: “At the request of a party the court shall order witnesses excluded so that
they cannot hear the testimony of other witnesses, and it may make the order of its own motion.” 
Tex. R. Evid. 614.
      The Rule “... is for the purpose of preventing witnesses from hearing and being informed as
to the testimony of other witnesses. The rule has no application to the exclusion of witnesses
during voir dire of jurors and before any testimony on the trial has begun.” Creel v. State, 493
S.W.2d 814, 820 (Tex. Crim. App. 1973).
A violation of the Rule occurs when a nonexempt prospective witness remains in the
courtroom during the testimony of another witness, or when a nonexempt prospective
witness learns about another's trial testimony through discussions with persons other than
the attorneys in the case or by reading reports or comments about the testimony. 

Drilex Systems, Inc. v. Flores, 1 S.W.3d 112, 117 (Tex. 1999). Accordingly, because the
discussion involved pretrial events and did not involve testimony, “The Rule” was not violated. 
      Further, the majority fails to differentiate the purported error from the harm analysis. A harm
analysis is only necessary if there is error. The majority conducts a review of the record for harm
to determine if the trial court erred by abusing its discretion in allowing the witnesses to testify. 
As a result of this flawed analysis, the majority has determined that the issue should be overruled.
      I concur in the result reached by the majority, but not their reasoning.
 
                                                                         TOM GRAY
                                                                         Justice

Concurring opinion delivered and filed March, 27, 2002
Publish



160;  A:  Yes.
      Q:  Did you see his penis that day?
      A:  No.
      Q:  Did you see her bottom?
      A:  Yes. Her clothes were down.
      Q:  Her clothes were down.
      A:  Yes.
      Q:  How do you know that he had his penis inside of her if you didn’t see it?
      A:  Because his pants unzipped.
      Q:  Okay. And how was she positioned?
      A:  In the dog style.
      Q:  When you say dog style, what do you mean?
      A:  Like she was on her knees on the floor.
      This incident was also described by K.W. She testified that during this incident Quinton was
feeling on her “behind” and that she remembered him “feeling on her butt.” She was five years
old at the time of this incident.
      In describing the other incident, K.W. gave the following testimony:
      Q:  What happened then, K...[W]?
      A:  He was trying to put it in my behind.
      Q:  Put what in your behind?
      A:  It felt like his private.
      Q:  Felt like his private?
      A:  Yes.
      Q:  What made you think it was his private?
      A:  Because it was hard.
      Q:  Hard? Is that the similar feeling you had had when he put it in your vagina?
      A:  Yes.
      Q : How did he get it up to your butt? Did you have your clothes on?
      A:  I had a shirt on and some panties.
      Q:  Where were your panties?
      A:  That was still on. He pulled them over to the side like he always do.
      Q:  Could you actually feel his private on that area where you go to the bathroom out of in
back?
 
      A:  No, because he was trying to put it in there. He asked me if it was in there, and I say yes
because I didn’t want him in my bottom.
 
      Q:  He asked you if it was in there?
      A:  Yes.
      Q:  Could you feel it on your skin back there?
      A:  Yes.
      I can understand a child’s reluctance to be fully descriptive of the terrible sexual acts that have
been done to her. Further, the courts have not required children of tender years to explain what
has been done to them using precise medical terms. See Villalon v. State, 971 S.W.2d 130, 134
(Tex. Crim. App. 1990); Wallace v. State, No. 08-00-066-CR, 2001 Tex. App. Lexis 3364, at
*9 (Tex. App.—El Paso May 24, 2001, no pet. h.). What is required is that sufficient evidence
be introduced so that a reasonable jury can determine beyond a reasonable doubt that the crime
identified in the indictment and jury charge has been committed. 
      When this evidence is combined with the medical testimony of the tear in K.W.’s anus, a
reasonable jury could have determined beyond a reasonable doubt that K.W.’s anus was
penetrated. Specifically, I would hold that, while not required, medical testimony that the anal
opening has been extended to the point that it was torn is legally and factually sufficient to
establish penetration, even if the object used was not thrust any further into the rectum. This is
analogous to cases involving vaginal penetration where evidence of the slightest penetration is
sufficient. See Luna v. State, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974). The Court of
Criminal Appeals has held:
[M]ere contact with the outside of an object does not amount to penetration of it. But
pushing aside and reaching beneath a natural fold of skin into an area of the body not
usually exposed to view, even in nakedness, is a significant intrusion beyond mere
external contact. Consequently, it is not ungrammatical to describe Appellant’s touching
of complainant in this case as a penetration, . . .

Vernon v. State, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). If the anal opening was expanded
to the point of tearing, as the jury could have certainly concluded based upon the evidence, the
evidence is factually sufficient to support penetration of the anus.
      All the pertinent evidence on these counts has not been recited above, but it is evidence that
supports the jury’s verdict on these counts. But the majority has failed to explain in their opinion
why this evidence, when viewed with all the other evidence, is factually insufficient. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim.
App. 1996).
Conclusion
      I would hold that when weighing all the evidence, including the evidence described herein,
the evidence is factually sufficient to support the charges of aggravated sexual assault of K.W.
(Count 3) and indecency with a child (Count 2 paragraph 1). I would affirm the judgment on all
counts. Because the majority does not, I respectfully dissent from the reversal on these two
counts. I concur in the result on the remainder of the judgment.
 
                                                                         TOM GRAY
                                                                         Justice
Dissenting and concurring opinion delivered and filed August 15, 2001
Publish