COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-125-CR
 
TERRY TAYLOR                                                               
APPELLANT
V.
THE STATE OF TEXAS                                                        
   STATE
------------
FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY
------------
MEMORANDUM OPINION
(1)
------------
       
Appellant Terry Taylor appeals from his conviction for assault. Appellant pled
not guilty, a jury found him guilty, and the trial court sentenced him to 365
days' confinement, fined him $4,000, and ordered him to pay the victim $3,027.50
in restitution. In three points on appeal, Appellant contends that the trial
court erred in overruling his objection to the prosecutor's statement of the law
during voir dire, that the evidence is legally and factually insufficient to
support his conviction, and that the trial court erred in admitting a State's
exhibit over Appellant's objection. We affirm.
       
On September 8, 2001, Appellant and complainant Ron Radke were working the
graveyard shift at a Wal-Mart store in Carrollton, Denton County, Texas. While
assembling some shelving units, Radke and Appellant began "smarting off to
each other." Radke told Appellant that he had "issues," and an
argument ensued. Radke walked away.
       
A short time later, Radke returned to apologize to Appellant. Radke told
Appellant he did not intend for Appellant to "get bitchy about" their
joking around. When Radke started to walk away, Appellant charged towards Radke
and struck him above the eyebrow and upper lip. Radke testified that although he
remembered Appellant coming toward him, he did not remember being hit. Radke
remembered seeing blood drip from his face. A co-worker took Radke to the
hospital, where he was treated for his injuries.
       
Radke testified that he recalled seeing a ring on Appellant's hand as Appellant
approached him. On cross-examination, however, Radke stated that he never said
he saw a ring and that he "didn't testify to that earlier." Radke also
testified that he did not remember Appellant assaulting him. Radke testified
that he still feels numbness above his eyebrow and suffered from memory loss
because of the assault.
       
Chuck Martin, co-manager of the Carrollton Wal-Mart, testified that Appellant
told him that Radke had called Appellant a "bitch" and that Appellant
had hit Radke. When Martin asked Appellant if Radke "had made any kind of
aggression towards him or tried to hit him back or had hit him," Appellant
told Martin, "[N]o." Martin also testified that Appellant wrote a
statement in which he admitted that he had struck Radke. The written statement
was introduced into evidence and published to the jury as State's Exhibit 7. The
statement reads as follows:

 I ask Ron [Radke] if he put an open can
 of foam back on a shelf. Ron says no you have a real problem. I walk away to
 the other side of the store. Ron comes to me and says you [b]itch and pushes
 me nearly down[.] I in return hit him.
  

       
Martin also testified that Wal-Mart terminated Appellant's and Radke's
employment for fighting with another associate.
  
     In his first point of error, Appellant contends that
the prosecutor misstated the law of self-defense during voir dire of the jury
panel, and the trial court erred by overruling his objection to the
misstatement. Appellant, contends, therefore, that he was denied a fair trial. See
U.S. Const. amend. XIV.
  
     As to self-defense, a defendant is "justified in
using force against another when and to the degree he reasonably believes the
force is immediately necessary to protect himself against the other's use or
attempted use of unlawful force." Tex. Penal Code Ann. § 9.31 (Vernon
2003). The penal code defines "reasonable belief" as "a belief
that would be held by an ordinary and prudent man in the same circumstances
as the actor." Tex. Penal Code. Ann. § 1.07(a)(42) (emphasis added).
The jury must evaluate whether this particular defendant's belief was
reasonable, not whether the belief would have been reasonable to a hypothetical
reasonably prudent person. Hayes v. State, 728 S.W.2d 804, 808 (Tex.
Crim. App. 1987) (op. on reh'g).
  
     Voir dire questions that misstate the law are improper.
See Middlebrook v. State, 803 S.W.2d 355, 360 (Tex. App.--Fort Worth
1990, pet. ref'd); Parker v. State, 792 S.W.2d 795, 798-99 (Tex.
App.--Houston [14th Dist.] 1990, pet. ref'd). We review the trial
court's ruling on an objection to a party's statement of the law during voir
dire for abuse of discretion. See Middlebrook, 803 S.W.2d at 361; Parker,
792 S.W.2d at 798-99.
  
     Appellant concedes that the prosecutor correctly stated
the law when she told the venire panel that the use of force against another has
to be immediately necessary. Appellant contends, however, that the prosecutor
incorrectly stated the standard through which the jury should view the
defendant's actions. See Turner v. State, 87 S.W.3d 111, 116 (Tex.
Crim. App. 2002). At voir dire, the prosecutor instructed the venire panel
regarding the standard as follows:

        
 [PROSECUTOR]: Actions have to be reasonable. In other words, I just can't turn
 around because there's a little boy sitting behind me who's all hyper watching
 the game and kicking my chair and accidentally hits me in the arm, I'm not
 going to turn around and punch this little boy in the face. If I do something
 like that, obviously, most of you would agree that that's not reasonable.
        
 Okay. And that's what this is saying. So you have to be reasonable and it has
 to be reasonable to -- in the reasonable person standard.
        
 [ATTORNEY FOR APPELLANT]: Objection, Your Honor, that's an improper statement
 of the law.
        
 THE COURT: Overruled.
        
 [PROSECUTOR]: So it's the reasonable person standard, not what you may think
 is reasonable. Because what you think, Mr. Jordan [a panel member] might be
 reasonable in responding to that child for example, might be very different
 from what I --
        
 [ATTORNEY FOR APPELLANT]: Your Honor, may we approach?
  

       
The prosecutor's statement of the law incorrectly set forth the standard as the
reasonableness of the belief of a hypothetical reasonable person, instead of the
reasonableness of the belief of this particular defendant. The trial court,
therefore, abused its discretion in overruling Appellant's objection.
       
Having found error, we must conduct a harm analysis to determine whether the
error calls for reversal of the judgment. Tex. R. App. P. 44.2. We review
prosecutorial misstatements of law, such as the misstatement in this case, under
rule 44.2(b). Coggeshall v. State, 961 S.W.2d 639, 643 (Tex. App.--Fort
Worth 1998, pet. ref'd) (en banc) (stating "case law reveals that [federal]
appellate courts have consistently held that improper prosecutorial comments and
misstatements are not constitutional in nature but can affect a defendant's
substantial rights"); Lee v. State, 971 S.W.2d 130, 132 (Tex.
App.--Houston [14th Dist.] 1998, pet. ref'd). Under our rule 44.2(b)
analysis, we disregard the error if it does not affect the appellant's
substantial rights. Tex. R. App. P. 44.2(b); see Mosley v. State, 983
S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), cert. denied,
526 U.S. 1070 (1999); Coggeshall, 961 S.W.2d at 642-43. A substantial
right is affected when the error had a substantial and injurious effect or
influence on the jury's verdict. King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S.
750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall, 961 S.W.2d at 643.
       
To determine if the prosecutor's misstatement of the law in her voir dire of the
venire panel had a substantial and injurious effect or influence in determining
the jury's verdict, we review the record as a whole. See Kotteakos, 328
U.S. at 764-65, 66 S. Ct. at 1248. Although the trial court overruled
Appellant's objection and never instructed the venire to disregard the
prosecutor's statement of the law, after an off-the-record bench conference, the
prosecutor clarified and properly stated the law, as shown in the following:

        
 [PROSECUTOR]: Okay. So going back to what reasonable is when you're talking
 about actions that have to be reasonable in the mind of the actor, that's the
 issue. Basically, what is reasonable in the minds of the person that's
 actually involved in this transaction. These are the three elements that have
 to be met in order for self-defense to actually kick in and say, okay, [w]hat
 you've done to defend yourself is self-defense if you can say -- yes, Mr.
 Fisher.
        
 PROSPECTIVE JUROR: So[,] reasonable in the mind of the defendant --
        
 [PROSECUTOR]: Actor.
        
 PROSPECTIVE JUROR: -- as opposed to what I think.
        
 [PROSECUTOR]: It's a reasonable -- the reasonable thinking of the actor in the
 situation. It's still a reasonable person standard is what reasonable is, but
 it's within the mind of the actor. What's reasonable under the circumstances
 in the mind of the actor is essentially what the law is saying.
  

       
In addition to this clarification, the error was not emphasized to the jury, the
correct statement of law was explained several times, and the trial court
properly instructed the jury in the jury charge:

 Under the law of self defense . . . a
 person is justified in using force against another when and to the degree he
 reasonably believes the force is immediately necessary. . . . When a
 person is attacked with unlawful force, or he reasonably believes he
 is under attack or attempted attack with unlawful force, and there is
 created in the mind of such person a reasonable expectation or fear of some
 bodily injury, then the law excuses or justifies such person in resorting
 to force to the degree that he reasonably believes is immediately
 necessary viewed from his standpoint at the time. (Emphasis added).
  

       
The jury is presumed to have followed the court's instructions in the jury
charge. See Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App.), cert.
denied, 108 S. Ct. 248 (1987). We conclude that, in the context of the
entire case against Appellant, the trial court's error in overruling Appellant's
objection to the prosecutor's misstatement of the law did not have a substantial
or injurious affect on the jury's verdict and did not affect Appellant's
substantial rights. See King, 953 S.W.2d at 271. Thus, we disregard the
error. See Tex. R. App. P. 44.2(b). We overrule Appellant's first
point.
       
In his second point, Appellant alleges that the evidence is legally and
factually insufficient to support his conviction for assault. Specifically, he
argues that the testimony adduced at trial was inconsistent as to the
circumstances surrounding the incident, whether Appellant or Radke was the
initial aggressor, and whether Appellant acted in self-defense. He argues that
the evidence merely consists of conflicting inferences that Appellant committed
the assault.
       
A person commits an assault if the person intentionally, knowingly, or
recklessly causes bodily injury to another. Tex. Penal Code. Ann. §
22.01(a)(1). After reviewing the record, we conclude that the evidence is both
legally and factually sufficient to support Appellant's conviction for assault.
Although the jury heard conflicting testimony, it is entitled to resolve
conflicts in the evidence, to evaluate the credibility of the witnesses, and to
determine the weight to be given any particular evidence. See Jones v. State,
944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Furthermore, any inconsistencies in
the testimony should be resolved in favor of the verdict. See Moreno v.
State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).
       
Martin, the Wal-Mart co-manager, testified that Appellant told him that Radke
had not made any acts of aggression towards Appellant. Radke testified that he
did not push Appellant. In addition, the jury heard testimony that Radke saw
Appellant charging at him. Appellant admitted in a written statement that he had
hit Radke, although he said in the statement that Radke had pushed him first.
The jury heard testimony that a ring, such as the ring Appellant allegedly wore
on a daily basis, could cause the severity of cuts found on Radke's face, and
that Appellant was the only other person near the location of the assault. The
jury could have resolved any inconsistencies in Radke's testimony concerning the
presence of the ring, and could have believed that Martin and Radke were more
credible than Appellant. Accordingly, applying the appropriate standards of
review,(2) we hold that the evidence is both
legally and factually sufficient to support the jury's verdict.(3)
We overrule Appellant's second point.
       
In his third point, Appellant argues that the trial court abused its discretion
by admitting a partial written statement of Appellant over his objection that
the statement violated the rule of optional completeness. See Tex. R.
Evid. 107. We disagree.
       
Appellant's entire statement, in which he said Radke pushed him and called him a
"bitch," was introduced into evidence and published to the jury with
no objection. During closing argument, the prosecutor used this evidence. In
addition to showing the jury photographs of Radke's injuries and repeating some
of Radke's and Martin's testimony, the prosecutor displayed an exhibit on which
the State had written in red letters, "[Defendant] [t]ells the manager, he
called me a, quote, bitch, end quote, and I hit him, period. Defendant
calm." Appellant claims that this exhibit violated rule 107.
       
Rule 107 is properly invoked when an opposing party reads part, but not all, of
a statement into evidence.(4)
See id.; Livingston v. State, 739 S.W.2d 311, 331-32 (Tex. Crim. App.
1987); Araiza v. State, 929 S.W.2d 552, 555-56 (Tex. App.--San Antonio
1996, pet. ref'd). In such a case, the remainder of the statement "on the
same subject" is admissible to "reduce the possibility of the fact
finder receiving a false impression from hearing the evidence of only a part of
the . . . writing." Roman v. State, 503 S.W.2d 252, 253 (Tex.
Crim. App. 1974); Araiza, 929 S.W.2d at 556.
       
We agree with the State that the trial court did not err because rule 107 was
not properly invoked. In this case, the State introduced Appellant's entire
statement and published it to the jury earlier in the trial with no objection.
The exhibit the prosecutor showed the jury during closing arguments that
included the partial statement from Appellant was the prosecutor's summary of
the evidence that the jury had heard throughout the trial. See Jackson v.
State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000) (holding that once
evidence is submitted, it can be used during jury argument to reiterate a point
and summarize the evidence). In this case, the prosecutor had fully introduced
into evidence Appellant's full statement, and during closing arguments the
partial statement was excerpted from it. We do not have a situation before us in
which the jury could be confused by only a partial writing. We overrule
Appellant's third point.
       
Having overruled all of Appellant's points, we affirm the trial court's
judgment.
 
                                                                      
PER CURIAM
 
PANEL F: HOLMAN, DAUPHINOT, AND GARDNER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 22, 2003

1.  See Tex. R. App. P. 47.4.
2.  See Emery v. State, 881 S.W.2d 702, 705
(Tex. Crim. App. 1994) (providing legal sufficiency standard of review), cert.
denied, 513 U.S. 1192 (1995); Narvaiz v. State, 840 S.W.2d 415,
423 (Tex. Crim. App. 1992) (same), cert. denied, 507 U.S. 975 (1993); Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003) (holding that a proper
factual sufficiency review must include a discussion of the most important and
relevant evidence that supports the appellant's complaint on appeal);
Santellan v. State, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing
factual sufficiency standard of review); Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996) (same).
3.  See Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000); Clewis, 922 S.W.2d at 134.
4.  Rule 107 states that "[w]hen part of an act,
declaration, conversation, writing or recorded statement is given in evidence by
one party, the whole on the same subject may be inquired into by the other. . .
." Id.