TAYLOR V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-125-CR

TERRY TAYLOR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Terry Taylor appeals from his conviction for assault.  Appellant pled not guilty, a jury found him guilty, and the trial court sentenced him to 365 days’ confinement, fined him $4,000, and ordered him to pay the victim $3,027.50 in restitution.  In three points on appeal, Appellant contends that the trial court erred in overruling his objection to the prosecutor’s statement of the law during voir dire, that the evidence is legally and factually insufficient to support his conviction, and that the trial court erred in admitting a State’s exhibit over Appellant’s objection.  We affirm.

On September 8, 2001, Appellant and complainant Ron Radke were working the graveyard shift at a Wal-Mart store in Carrollton, Denton County, Texas.  While assembling some shelving units, Radke and Appellant began “smarting off to each other.”  Radke told Appellant that he had “issues,” and an argument ensued.  Radke walked away.

A short time later, Radke returned to apologize to Appellant.  Radke told Appellant he did not intend for Appellant to “get bitchy about” their joking around.  When Radke started to walk away, Appellant charged towards Radke and struck him above the eyebrow and upper lip.  Radke testified that although he remembered Appellant coming toward him, he did not remember being hit.  Radke remembered seeing blood drip from his face.  A co-worker took Radke to the hospital, where he was treated for his injuries.

Radke testified that he recalled seeing a ring on Appellant’s hand as Appellant approached him.  On cross-examination, however, Radke stated that he never said he saw a ring and that he “didn’t testify to that earlier.”  Radke also testified that he did not remember Appellant assaulting him.  Radke testified that he still feels numbness above his eyebrow and suffered from memory loss because of the assault.

Chuck Martin, co-manager of the Carrollton Wal-Mart, testified that Appellant told him that Radke had called Appellant a “bitch” and that Appellant had hit Radke.  When Martin asked Appellant if Radke “had made any kind of aggression towards him or tried to hit him back or had hit him,” Appellant told Martin, “[N]o.”  Martin also testified that Appellant wrote a statement in which he admitted that he had struck Radke.  The written statement was introduced into evidence and published to the jury as State’s Exhibit 7.  The statement reads as follows:

I ask Ron [Radke] if he put an open can of foam back on a shelf.  Ron says no you have a real problem.  I walk away to the other side of the store.  Ron comes to me and says you [b]itch and pushes me nearly down[.]  I in return hit him.

Martin also testified that Wal-Mart terminated Appellant’s and Radke’s employment for fighting with another associate.

In his first point of error, Appellant contends that the prosecutor misstated the law of self-defense during voir dire of the jury panel, and the trial court erred by overruling his objection to the misstatement.  Appellant, contends, therefore, that he was denied a fair trial.
  See
 U.S. Const.
 amend. XIV.

As to self-defense, a defendant is “justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.”  
Tex. Penal Code Ann.
 § 9.31 (Vernon 2003).  The penal code defines “reasonable belief” as “a belief that would be held by an ordinary and prudent man 
in the same circumstances as the actor
.”  
Tex. Penal Code. Ann.
 § 1.07(a)(42) (emphasis added).  The jury must evaluate whether this particular defendant’s belief was reasonable, not whether the belief would have been reasonable to a hypothetical reasonably prudent person.  
Hayes v. State, 
728 S.W.2d 804, 808 (Tex. Crim. App. 1987) (op. on reh’g).

Voir dire questions that misstate the law are improper.
  See Middlebrook v. State, 
803 S.W.2d 355, 360 (Tex. App.—Fort Worth 1990, pet. ref'd);  
Parker v. State,
 792 S.W.2d 795, 798-99 (Tex. App.—Houston [14
th
 Dist.] 1990, pet. ref'd).  We review the trial court's ruling on an objection to a party’s statement of the law during voir dire for abuse of discretion.  
See Middlebrook,
 803 S.W.2d at 361; 
Parker,
 792 S.W.2d at 
798-99.

Appellant concedes that the prosecutor correctly stated the law when she told the venire panel that the use of force against another has to be immediately necessary.  Appellant contends, however, that the prosecutor incorrectly stated the standard through which the jury should view the defendant’s actions.  
See Turner v. State,
 87 S.W.3d 111, 116 (Tex. Crim. App. 2002). At voir dire, the prosecutor instructed the venire panel regarding the standard as follows: 

[PROSECUTOR]: Actions have to be reasonable.  In other words, I just can’t turn around because there’s a little boy sitting behind me who’s all hyper watching the game and kicking my chair and accidentally hits me in the arm, I’m not going to turn around and punch this little boy in the face.  If I do something like that, obviously, most of you would agree that that’s not reasonable.  

Okay.  And that’s what this is saying.  So you have to be reasonable and it has to be reasonable to -- in the reasonable person standard.  

[ATTORNEY FOR APPELLANT]:  Objection, Your Honor, that’s an improper statement of the law.

THE COURT:  Overruled.

[PROSECUTOR]:  So it’s the reasonable person standard, not what you may think is reasonable.  Because what you think, Mr. Jordan [a panel member] might be reasonable in responding to that child for example, might be very different from what I --

[ATTORNEY FOR APPELLANT]:  Your Honor, may we approach?

The prosecutor’s statement of the law incorrectly set forth the standard as the reasonableness of the belief of a hypothetical reasonable person, instead of the reasonableness of the belief of this particular defendant.  The trial court, therefore, abused its discretion in overruling Appellant’s objection.

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.  
Tex. R. App. P.
 44.2.  
We review prosecutorial misstatements of law, such as the misstatement in this case, under rule 44.2(b).  
Coggeshall v. State, 
961 S.W.2d 639, 643 (Tex. App.—Fort Worth 1998, pet. ref'd) 
(en banc)
 (stating “case law reveals that [federal] appellate courts have consistently held that improper prosecutorial comments and misstatements are not constitutional in nature but can affect a defendant's substantial rights”); 
Lee v. State,
 971 S.W.2d 130, 132 (Tex. App.—Houston [14
th
 Dist.] 1998, pet. ref'd).  
Under our rule 44.2(b) analysis, we disregard the error if it does not affect the appellant’s substantial rights.  
Tex. R. App. P.
 44.2(b); 
see Mosley v. State,
 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999); 
Coggeshall
, 961 S.W.2d at 642-43. 
 A substantial right is affected when the error had a substantial and injurious effect or influence on the jury’s verdict. 
 King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing 
Kotteakos v. United States
, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); 
Coggeshall,
 961 S.W.2d at 643.  

To determine if 
the prosecutor's misstatement of the law in her voir dire of the venire panel had a substantial and injurious effect or influence in determining the jury's verdict, we review the record as a whole. 
 See Kotteakos,
 328 U.S. at 764-65, 66 S. Ct. at 1248.
  
Although the trial court overruled Appellant’s objection and never instructed the venire to disregard the prosecutor’s statement of the law, after an off-the-record bench conference, the prosecutor clarified and properly stated the law, as shown in the following: 

[PROSECUTOR]:  Okay. So going back to what reasonable is when you’re talking about actions that have to be reasonable in the mind of the actor, that’s the issue.  Basically, what is reasonable in the minds of the person that’s actually involved in this transaction.  These are the three elements that have to be met in order for self-defense to actually kick in and say, okay, [w]hat you’ve done to defend yourself is self-defense if you can say -- yes, Mr. Fisher.

PROSPECTIVE JUROR:  So[,] reasonable in the mind of the defendant --

[PROSECUTOR]:  Actor.

PROSPECTIVE JUROR:  -- as opposed to what I think.

[PROSECUTOR]:  It’s a reasonable -- the reasonable thinking of the actor in the situation.  It’s still a reasonable person standard is what reasonable is, but it’s within the mind of the actor.  What’s reasonable under the circumstances in the mind of the actor is essentially what the law is saying.

In addition to this clarification, the error was not emphasized to the jury, the correct statement of law was explained several times, and the trial court properly instructed the jury in the jury charge: 

Under the law of self defense . . . a person is justified in using force against another when and to the degree 
he reasonably believes
 the force is immediately necessary. . . .  When a person is attacked with unlawful force, 
or he reasonably believes
 he is under attack or attempted attack with unlawful force, 
and there is created in the mind of such person a reasonable expectation or fear of some bodily injury
, then the law excuses or justifies such person in resorting to force to the degree that 
he reasonably believes
 is immediately necessary viewed from his standpoint at the time. (Emphasis added).

The jury is presumed to have followed the court’s instructions in the jury charge.  
See Gardner v. State,
 730 S.W.2d 675, 696 (Tex. Crim. App.), 
cert. denied,
 108 S. Ct. 248 (1987).
 We conclude that, in the context of the entire case against Appellant, the trial court’s error in overruling Appellant’s objection to the prosecutor’s misstatement of the law did not have a substantial or injurious affect on the jury’s verdict and did not affect Appellant’s substantial rights.  
See King
, 953 S.W.2d at 271.  Thus, we disregard the error.  
See 
Tex. R. App. P. 44.2(
b).
  We overrule Appellant’s first point.

In his second point, Appellant alleges that the evidence is legally and factually insufficient to support his conviction for assault.  Specifically, he argues that the testimony adduced at trial was inconsistent as to the circumstances surrounding the incident, whether Appellant or Radke was the initial aggressor, and whether Appellant acted in self-defense.  He argues that the evidence merely consists of conflicting inferences that Appellant committed the assault. 

A person commits an assault if the person intentionally, knowingly, or recklessly causes bodily injury to another.  
Tex. Penal Code. Ann.
 § 22.01(a)(1).  After reviewing the record, we conclude that the evidence is both legally and factually sufficient to support Appellant’s conviction for assault.  Although the jury heard conflicting testimony, it is entitled to resolve conflicts in the evidence, to evaluate the credibility of the witnesses, and to determine the weight to be given any particular evidence.  
See Jones v. State
, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  Furthermore, any inconsistencies in the testimony should be resolved in favor of the verdict.  
See Moreno v. State
, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

Martin, the Wal-Mart co-manager, testified that Appellant told him that Radke had not made any acts of aggression towards Appellant.  Radke testified that he did not push Appellant.  In addition, the jury heard testimony that Radke saw Appellant charging at him.  Appellant admitted in a written statement that he had hit Radke, although he said in the statement that Radke had pushed him first. The jury heard testimony that a ring, such as the ring Appellant allegedly wore on a daily basis, could cause the severity of cuts found on Radke’s face,  and that Appellant was the only other person near the location of the assault.  The jury could have resolved any inconsistencies in Radke’s testimony concerning the presence of the ring, and could have believed that Martin and Radke were more credible than Appellant.  Accordingly, applying the appropriate standards of review,
(footnote: 2) we hold that the evidence is both legally and factually sufficient to support the jury’s verdict.
(footnote: 3)  We overrule Appellant’s second point.

In his third point, Appellant argues that the trial court abused its discretion by admitting a partial written statement of Appellant over his objection that the statement violated the rule of optional completeness.  
See 
Tex. R. Evid.
 107.  We disagree.

Appellant’s entire statement, in which he said Radke pushed him and called him a “bitch,” was introduced into evidence and published to the jury with no objection.  During closing argument, the prosecutor used this evidence.  In addition to showing the jury photographs of Radke’s injuries and repeating some of Radke’s and Martin’s testimony, the prosecutor displayed an exhibit on which the State had written in red letters, “[Defendant] [t]ells the manager, he called me a, quote, bitch, end quote, and I hit him, period.  Defendant calm.”  Appellant claims that this exhibit violated rule 107.

 Rule 107 is properly invoked when an opposing party reads part, but not all, of a statement into evidence.
(footnote: 4) 
See id.; Livingston v. State, 
739 S.W.2d 311, 331-32 (Tex. Crim. App. 1987);  
Araiza v. State,
 929 S.W.2d 552, 555-56 (Tex. App.—San Antonio 1996, pet. ref'd).  In such a case, the remainder of the statement “on the same subject” is admissible to "reduce the possibility of the fact finder receiving a false impression from hearing the evidence of only a part of the . . . writing.”  
Roman v. State, 
503 S.W.2d 252, 253 (Tex. Crim. App. 1974);  
Araiza,
 929 S.W.2d at 556. 

We agree with the State that the trial court did not err because rule 107 was not properly invoked.  In this case, the State introduced Appellant’s entire statement and published it to the jury earlier in the trial with no objection.  The exhibit the prosecutor showed the jury during closing arguments that included the partial statement from Appellant was the prosecutor’s summary of the evidence that the jury had heard throughout the trial.  
See Jackson v. State, 
17 S.W.3d 664, 673 (Tex. Crim. App. 2000) (holding that once evidence is submitted, it can be used during jury argument to reiterate a point and summarize the evidence).  In this case, the prosecutor had fully introduced into evidence Appellant’s full statement, and during closing arguments the partial statement was excerpted from it.  We do not have a situation before us in which the jury could be confused by only a partial writing.  We overrule Appellant’s third point.

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, DAUPHINOT, AND GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 22, 2003 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994) (providing legal sufficiency standard of review), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992) (same), 
cert. denied
, 507 U.S. 975 (1993); 
Sims v. State, 
99 S.W.3d 600, 603 (Tex. Crim. App. 2003)
 (holding that 
a proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal);
 Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing factual sufficiency standard of review); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).

3:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis
, 922 S.W.2d at 134.

4:
Rule 107 states that “[w]hen part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other. . . .”  
Id.